## Chicago and Alton R. R. Co. v. Truman K. Gore.

1. Instructions—*Should Clearly State the Law.*—The object of an instruction is to clearly state the law for the guidance of the jury, based upon the evidence as it tends to prove or disprove the material issues of the case.

2. Same—*Should Correctly Define the Issues.*—An instruction which incorrectly defines the issues, or does not submit the real issue to the jury, and contains a direction to find for the plaintiff in the event the issue as submitted is found in his favor, is misleading.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Macoupin County; the Hon. Robert B. Shirley, Judge, presiding. Heard in this court at the May term, 1900. Reversed and remanded. Opinion filed September 11, 1900. Rehearing denied.

Patton, Hamilton & Patton, attorneys for appellant.

Bell & Burton and Victor M. Gore, attorneys for appellee.

Mr. Justice Wright delivered the opinion of the court.
This suit is by appellee against appellant to recover for the loss of a foot in consequence of the alleged negli-

gence of the latter. A trial by jury ended in a verdict and judgment against appellant for $7,541.66⅔, to reverse which this appeal is brought, and to effect such reversal it is insisted the verdict is unsupported by the evidence, the court refused to correctly instruct the jury, and gave to it improper instructions.

Appellee was a passenger upon the train of appellant, first from Chicago to Springfield, to which latter place he had checked his baggage. In transit he informed the conductor he desired to continue his passage to Carlinville, and requested the conductor to change his checks to the latter station, but this the conductor declined to do, at the same time informing the passenger he could do it himself, and upon inquiry informed him the change could be made at Joliet, Pontiac or Bloomington. Appellee alighted at Joliet for such purpose, saw the baggageman and there changed the destination of his baggage to Carlinville, and some delay having occurred in his transaction with the baggagemaster, the train moved before he again got upon it, and in the hurry to board the moving train he lost his balance, and while holding on the guards to the steps of the car platform was struck by a baggage truck standing upon the station platform, and was thus thrown under a wheel of one of the cars that crushed his foot.

We are asked to reverse the judgment because the court refused to give the jury the peremptory instruction for the defendant, but in the view we now have of the case, we are not so disposed, but think because of the error contained in the instructions, the judgment must be reversed and the cause remanded for a new trial.

The question of the contributory negligence of appellee and the proximate cause of the injury were vital issues in the case, and required the instructions to be accurate upon these points, which, we think, they were not. The fourth instruction, given at the request of appellee, does not correctly define the issues, nor does it submit the real issue to the jury; and containing, as it does, a direction to find for the plaintiff, in the event the issue so submitted is found in

his favor, is therefore misleading. The object of an instruction is or should be to clearly state the law for the guidance of the jury, based upon the evidence as it tends to prove or disprove the material issues of the case. The instruction under consideration, with much detail and particularity, attempts to recite the circumstances and history of the trip of appellee from Chicago to Joliet, as if each particular event was material and in some way affected the question of negligence or care of the person concerned at the time the accident occurred, when in truth such events in this passage bore no relation to the accident, and should have been wholly omitted from the instruction. For this purpose it was sufficient for the jury to know, and about this there was no dispute, that appellee was a passenger upon the train. The instruction then concludes, in effect, that if the conductor knew appellee was upon the station platform, and then negligently and without warning started the train without giving appellee reasonable opportunity to get back upon such train, and in endeavoring to get back he used reasonable care under the circumstances, and that by reason of the acts of the conductor in starting the train appellee received the injury, then appellant would be liable and the jury should so find. This instruction can not be maintained from several view points. It is beyond dispute in the evidence that appellee was upon the station platform when he made the attempt to board the moving train, and this fact rendered the point of the duty of the conductor to give the appellee a reasonable opportunity to board the train an abstract question, so far as applicable to the accident to appellee and the causes that produced it. The train was in motion, and at that point of time, in relation to the accident that later occurred, it was not material whether the conductor had given a reasonable opportunity to board the train. If he had, then his duty was performed; if he had not, the time for it was gone; the train was moving, and such omission of duty had passed in its effect into the doctrine of proximate cause, and appellee was left upon the platform, to be ruled by the care incident to an ordi-

nary person situate in similar conditions, and here the instruction is again vicious in its assumption that appellee might attempt to board the moving train, provided he used reasonable care in endeavoring to do so, when the question that the instruction ought to have submitted was whether or not in boarding the train at all he was careless, and whether or not that act was the proximate cause of his injury. Appellee was present also as well as the conductor, and as an ordinary person it will be assumed he knew as well as the conductor could know whether a reasonable opportunity had been given to board the train. The train having already started, which fact appellee knew, it was then certain that either the conductor had not given such reasonable opportunity, or having done so, appellee had not availed himself of it to board the train, and in this view the instruction refutes itself, for if he knew no reasonable opportunity had been afforded for entering the train, and made the effort at a time when he knew it was dangerous, or having himself neglected to accept the opportunity afforded him, in either case he would be guilty of contributory negligence and could not recover, and so if the jury believed the existence of the facts upon which the instruction proceeded, they should have found for the defendant, instead, as they did, against it, presumably in obedience to the mandate of the instruction itself.

It seems clear to us the instruction takes from the consideration of the jury the question whether the effort to board the train was not of itself negligence, and limits the consideration of the jury to the due care of appellee while he was engaged in the act of trying to get upon the train, and also assumed the proximate cause of the injury was the failure to afford an opportunity to get upon the train, when it should have been submitted, also, whether the act of getting upon the train while in motion was not the proximate cause of the injury.

The eighth and ninth instructions requested by appellant, but refused by the court, are to the effect that if the injury was caused by the attempt of appellee to board the moving

train, the verdict should be for the defendant. If the act of getting upon the train was the cause of the injury, it was then not only the proximate but the direct cause; and although it might have been induced by the appellant, such is not the cause stated in the declaration, and we think appellant's rights demanded the instructions to have been given, and it was error to refuse them.

For the errors indicated the judgment of the Circuit Court will be reversed and the cause remanded for a new trial. Reversed and remanded.