## Chicago and Alton R. R. Co. v. Truman K. Gore.

96    553
s105    17

1. NEGLIGENCE—*A Question of Fact.*—What is or is not negligence is a question of fact to be determined by a jury, under proper instructions, unless the act sought to be established as constituting negligence is such that all fair and reasonable minds would agree that it should be so characterized.

2. SAME—*Boarding a Moving Train—Impossibility of Laying Down a Fixed Rule.*—It may be that, as a question of fact, circumstances exist when to board a moving train would not be negligence, for other independent forces may intervene, set in motion by causes not connected with the moving train, unforeseen by the person injured, and in the absence of which there might have been, in the exercise of ordinary care, entire safety in boarding such train. The question is always whether the act is one which is consistent with prudence under all the circumstances of the particular case.

3. SAME—*Act of a Person in Boarding a Moving Train.*—If the act of a person in boarding a moving train, under the circumstances of this case, is the superseding cause of the injury, then it is not a question of negligence *per se*, as applied to the doctrine of contributory negligence, but is a question of causation merely.

4. INSTRUCTIONS—*As to Boarding a Moving Train.*—A declaration, in effect, that the plaintiff was directed to get upon the train, and while endeavoring to do so without unnecessary delay, and with reasonable care, the servants of the company negligently caused the train to be started as the plaintiff was in the act of getting thereon, and before he

had sufficient time to do so, and, being partly upon the train, was driven against some heavy obstruction, knocked off and fell under the wheels of the train and injured, will not justify the trial court in refusing to instruct the jury that, if the injury was caused by his attempt to board the moving train, their verdict should be for the defendant.

5. Same—*When a Question of Causation—Boarding a Moving Train.*—In an action against a railroad company for personal injuries, an instruction that if the injury was caused by the attempt of the plaintiff to board the moving train the verdict should be for the defendant, is independent of the question of contributory negligence, and presents the separate and distinct proposition, disconnected from any supposed negligence on the part of the defendant, that the injury was caused by such act of the plaintiff, and it follows, as a logical sequence, that the injury could not have been caused by the alleged negligence of the defendant.

6. Same—*Singling Out Events Preceding the Accident and Giving Them Undue Prominence.*—In an action against a railroad company for personal injuries, the singling out, in an instruction for the plaintiff, of the evidence of events preceding the accident, thereby giving them undue prominence, is erroneous.

7. Same—*Should be Confined to the Negligence Declared Upon.*—In actions against railroad companies for personal injuries the instructions. like the evidence, should be confined to the negligence charged in the declaration.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of Macoupin County; the Hon. Robert B. Shirley, Judge, presiding. Heard in this court at the May term, 1901. Reversed and remanded. Opinion filed September 11, 1901.

Patton, Hamilton & Patton, attorneys for appellant; William Brown, of counsel.

Bell & Burton and Victor M. Gore, attorneys for appellee.

Mr. Justice Wright delivered the opinion of the court.

This case was before us at a former time (92 Ill. App. 418), and the judgment was reversed for errors of instructions, and the cause remanded for a new trial. A second trial has resulted in a verdict for $9,500, and the court, after overruling appellant's motion for a new trial, gave judgment for the damages so assessed against appellant, and to reverse such a judgment this appeal has been brought. After the remanding order was filed in the trial court

appellee obtained leave and filed an additional count to the declaration, in which it is claimed, in effect, appellee was directed to get upon the train, and while so endeavoring to get upon such train, without unnecessary delay and with reasonable care, the conductor and other servants of the defendant negligently caused the train to be started as the plaintiff was in the act of getting on the train and before he had sufficient time to do so, and being so partly on the train he was driven against some heavy obstruction, knocked off and fell under the wheels of the train and so injured. Our former opinion, to which we refer, contains a sufficient statement, and it is unnecessary to repeat it here.

We are asked to reverse this judgment because the verdict, as argued, is not sustained by the evidence, and the court should have given the peremptory instruction requested by appellant directing a verdict in its favor. This we decline to do as we did before. There is no substantial difference as regards the evidence, than at the previous time when we considered it. What is or is not negligence is a question of fact to be decided by a jury, under proper instructions, unless the act sought to be established as constituting negligence is such that all fair and reasonable minds would agree that it should be so characterized. It may be that, as a question of fact, circumstances may exist when to board a moving train would not be negligence, for other independent forces may intervene, set in motion by causes not connected with the moving train, unforeseen by the person injured, and in the absence of which there might, in the exercise of ordinary care, be entire safety. The question is always whether the act is one which is consistent with prudence, under all the circumstances. And again, we can imagine circumstances when no fair or reasonable mind but would say it was negligence to board a moving train. It is of course impossible to lay down a fixed rule upon this subject, and it is not intended to do so, for the question is one of fact and not of law; but in the view we have of the present case we think, under proper evidence as to the incidents of the accident, and proper instructions, the jury may be

permitted to say whether the act of boarding the moving train was or was not contributory negligence on the part of appellee. If it was, the law is that he can not recover. If it was not, and the evidence then shows the injury was the result of the negligence charged against, and committed by the defendant, then such recovery might be maintained. Again, if the injury was the direct result of appellee boarding the moving train, and this was not induced by appellant, he could not recover, and it is assumed the instructions upon this point, refused again upon the last trial, which this court held were erroneously refused on the former trial, were so refused because of the additional count. Yet we think that count is not sufficient to justify the court in refusing such instructions for the reason that a proper construction of it is, that appellee was directed by the conductor to board the train, and while in the act of so doing it suddenly started, resulting in his injury. This is not equivalent to a charge that appellee was directed to board a moving train. We think the error of the former trial, in refusing these instructions, was repeated at the second trial. In the argument of the case apparent misapprehension existed in the mind of some of the counsel concerning what was said in the decision of the former case regarding the refusal of the court to instruct the jury that if the injury was caused by the attempt of appellee to board the moving train the verdict should be for the defendant. These instructions were independent of the question of contributory negligence, and presented the separate and distinct proposition, disconnected from any supposed negligence on the part of appellant, or rather superseding it, that if the injury was caused by such act of the appellee in getting upon the train, it followed as a logical sequence that the injury could not have been caused by the alleged negligence of appellant. In other words, the act of boarding the moving train would be the superseding cause of the injury. It therefore was, and is, not a question of negligence *per se* as applied to the doctrine of contributory negligence, but a question of causation merely.

The second instruction given for the plaintiff, singling out the evidence of events preceding the accident, and thereby giving them undue prominence, and for which we condemned, in part, an instruction given on the former trial, is, if possible, more erroneous and misleading than the instruction formerly condemned, for the giving of which we then reversed the judgment.    The evidence singled out by it, and upon which it is based, is immaterial, as we said before, except to show appellee was a passenger; and inasmuch as there is no dispute about this, a minority of the court is of the opinion all such evidence should be excluded; but we are all agreed that by calling attention to it, as was done by the instruction, undue prominence was given to the same and thus tended to and doubtless did mislead the jury. This, however, is not the stronger objection to the instruc- tion, for it proceeds to say to the jury that they may con- sider all that passed, as shown by the evidence, between the plaintiff and the conductor in charge of the train before the plaintiff alighted therefrom, together with all other facts and circumstances in evidence, in determining whether or not the plaintiff had alighted from such train for a proper purpose, and the relations and obligations assumed by him and the defendant when he so alighted, and while he was off such train.    There was no dispute as to the relation of plaintiff and defendant, and the relative obligations of each— the relation and obligation of carrier and passenger.    The instruction assumes the evidence proved some other relation and other obligations without defining them, thus leaving the jury unlimited, and at liberty to infer other relations and obligations than that of passenger and carrier.    The instruction assumed there were different obligations than such as the law imposes, and gave the jury a free rein to roam at will.    The declaration charges appellant with the negligence therein specified, and the law imposes upon the carrier a high degree of care, in respect to the specific things charged, for the safety of the passenger, and imposes upon the passenger the exercise of ordinary care for his own safety.    Such were the relations and obligations of the par-

ties, and it was error to add to or detract from them, or give latitude to the jury to do so at pleasure. Instructions, like the evidence in the case, should be confined to the negligence charged in the declaration, and had the case been tried by this simple rule, the errors complained of, and which we are compelled to hold as prejudicial, could not have occurred.

It is our conclusion, therefore, that the court erred in giving the second instruction given for the plaintiff, and in refusing the sixth and ninth instructions asked by the defendant, and for these errors the judgment of the Circuit Court will be reversed and the cause remanded.