## Chicago and Alton R. R. Co. v. Nannie Flaharty.

1. INSTRUCTIONS—*Where the Points in Issue Are Sharply Contested.*—Where the points in issue are sharply contested, the rulings upon the admission of evidence and the instructions of the court should be accurate.

2. SAME—*Not to Give a Single Fact Undue Prominence.*—Giving an instruction which singles out one fact and gives it undue prominence is prejudicial error.

3. SAME—*Boarding a Moving Train.*—In an action against a railroad company for personal injuries, it is error to refuse an instruction to the effect that if the jury believe from the evidence that the injury to the plaintiff was caused by her attempt to board a moving train their verdict should be for the defendant.

4. EVIDENCE—*Of Conversations Between an Injured Passenger, as Plaintiff, and the Conductor of the Train—When Admissible.*—In an action against a railroad company for personal injuries, where the contention of the plaintiff is that she was directed by the conductor to get off at a station at which the train stopped and purchase a ticket, it not being claimed that the conductor was not within the strict line of his authority in enforcing the payment of fare, evidence of the conversation between her and the conductor in regard to such direction is admissible.

5. SAME—*Of Conversations Between an Injured Passenger, as Plaintiff, and a Brakeman of the Train on Which She Was Injured.*—In an action against a railroad company for personal injuries, where one of the points of contention is the holding of the train at a station where it made a regular stop, for her to alight and procure a ticket, and she had previously testified that she had been directed by the conductor to alight for that purpose and told that the train would wait for her, evidence of a conversation between her and a brakeman of the train about holding it for her, in which she asked him to be assured of the fact, is admissible.

6. RAILROADS—*As Carriers of Passengers—Duty Toward Patrons.*—Where the employes of a railroad company know or have notice that it is the purpose of a person to take passage upon their train and such

person presents himself under such circumstances that he can be reasonably accepted as a passenger, it is the duty of the company to accept him as such and give him a reasonable time and opportunity to get upon the train, the passenger himself also using reasonable care and expedition in that respect.

7. SAME—*When it is Negligence to Mount a Moving Train.*—There is no rule of law in this State which declares that the act of boarding a moving train is negligence in itself. Such an act may be, and sometimes is, negligence *per se*, but whether it is so or not in a particular case is a question of fact to be decided by a jury under proper instructions, unless the act sought to be established as constituting negligence *per se* is such that all fair and reasonable minds would agree that it should be so characterized.

8. NEGLIGENCE—*Mounting a Moving Train.*—Circumstances may exist when to board a moving train would not be negligence, for other independent forces may intervene, set in motion by causes not connected with the moving train, unforeseen by the person injured, and in the absence of which there might, in the exercise of ordinary care, be entire safety.

9. NEGLIGENCE AND ORDINARY CARE—*Questions of Fact and Not of Law.*—It is a reasonable rule, existing from the necessities and varieties of human conduct, that what is or is not negligence, or what is or is not ordinary care, should be left to a jury to be tested as a question of fact under the evidence of each particular case and by the proper rules of law.

**Trespass on the Case**, for personal injuries. Appeal from the Circuit Court of Macoupin County; the Hon. OWEN P. THOMPSON, Judge, presiding. Heard in this court at the May term, 1901. Reversed and remanded. Opinion filed September 11, 1901.

PATTON, HAMILTON & PATTON, attorneys for appellant; WILLIAM BROWN, of counsel.

PEEBLES & PEEBLES, and D. E. KEEFE, attorneys for appellee.

MR. JUSTICE WRIGHT delivered the opinion of the court.

The declaration of appellee against appellant contained four original and two additional counts; the first charging in substance that appellee entered appellant's train at Carlinville to be carried to Miles Station, and not having a ticket for the trip she so informed the conductor of the train, and was instructed by him she would be required to pay fare to Plainview, and there alight and purchase a

ticket, and that the train would wait there for such purpose; that appellee did alight at Plainview to purchase a ticket as directed, and was then in the act of stepping upon the train to continue her journey to Miles Station, using reasonable care, when the train was carelessly and negligently caused to be suddenly and violently started and appellee was in consequence hurt and injured; the second count is to the effect that while appellee was about to and was in the act of entering the train at Plainview to be carried to Miles Station, the train was carelessly and negligently caused to be suddenly and violently started, whereby she was hurt and injured; the third is substantially like the first with this difference, that appellee attempted to get upon the train when in motion, a reasonable time not having been given to purchase the ticket and return to the train; the fourth count charges appellee was in the act of entering the train at Plainview to be carried to Miles Station, when the servants of appellant carelessly and negligently obstructed and interfered with her, so that as the train started she was thrown down and thereby hurt and injured. The two additional counts, charging willfulness, the court instructed to be disregarded. To the declaration the defendant pleaded the general issue, and upon a trial the jury returned a verdict of guilty against appellant and assessed the damages at $3,000, and after overruling appellant's motion for a new trial the court gave judgment for the damages so assessed, to reverse which appellant brings this appeal, and has assigned and argued errors to the effect that the court admitted improper evidence, misdirected the jury, refused proper instructions, the court erred in refusing to direct the verdict for appellant, the verdict is against the law and the evidence, and the damages are excessive.

There is conflict in the evidence concerning the material averments of the declaration as to whether appellee alighted from the train at Plainview in conformity with directions of the conductor to purchase a ticket, and whether a reasonable time was given for such purpose, and also as to whether

appellee was in the exercise of ordinary care in attempting to get upon a moving train, and whether it was the negligence of appellant in suddenly starting the train while appellee was boarding it, and whether these acts of appellant or any of them caused the injury, or the independent act of appellee herself by boarding a moving train. All these, and other points, were sharply contested, and required the ruling upon the evidence and the instructions of the court to be accurate. In the view we have of the case we are unwilling to say that the trial court should have directed a verdict for the appellant as requested, or that the verdict should be set aside because it is not supported by the evidence; and inasmuch as we shall remand the cause for another trial, no good purpose can be subserved by a review or discussion of the evidence at this time.

It is contended that the court erred in the admission of evidence of the conversation between the conductor and appellee after she took passage at Carlinville, relative to the payment of the cash fare, and the purchase of a ticket at another station, and some expressions of this court in C. & A. R. R. Co. v. Gore, 92 Ill. App. 418, are relied upon to sustain this view. There is, however, a plain distinction between the two cases. In the Gore case the passenger desired to alight of his own volition, but in this case appellee contended she was directed to get off at another station and purchase a ticket, and it could not be said the conductor was not within the strict line of his authority in enforcing the payment of fare, and we therefore conclude the evidence of the conversation was proper. It is next said the evidence of the conversation between appellee and the brakeman, about holding the train for her at Plainview, at the time she alighted there, was improper. If it was true, as appellee testified, she was directed to get off there, and told that the train would wait for her, then the fact that she asked the brakeman to be assured of this, would not be improper.

The instructions one and two, given for the plaintiff, are vigorously criticised by appellant. The first instruction in

substance recites that if appellee desired to be carried as a passenger from Plainview to Miles Station and that she was in the act of boarding the train for that purpose, then it was the duty of appellant to give a reasonable time and opportunity to get upon the train, and if there was a failure in this respect, and the train was negligently and carelessly started with a jerk, while appellee was in the act of attempting to board the train, exercising reasonable care for her own safety, and that by such jerking appellee was thrown to the station platform and injured, then she could recover.   The objections made to this instruction are that the mere desire or intention of a person forms the relation of a passenger, without knowledge or notice to the carrier. If the instruction is susceptible to this interpretation it is inaccurate.   If the carrier knows or has notice that it is the purpose of a person to take passage upon its train, and such person presents himself under circumstances that he can be reasonably accepted as a passenger, then it is the duty of the carrier to accept him and give him reasonable time and opportunity to get upon the train, the passenger himself also using reasonable care and expedition in that respect.   We think the instruction inaccurate in not requiring knowledge or notice to appellant of the desire or intention of appellee to become a passenger, although it might be that this inaccuracy alone would not be sufficient to reverse the judgment.

The second instruction, to which objection is made, is to the effect that if the appellee attempted to get upon the train at Plainview while the train was in motion, still, if the train was moving very slowly, parallel with the platform, and had just started and was running slowly, then it is for the jury to determine under all the evidence before them, whether or not the plaintiff was negligent in attempting to board such train.

It is argued that the rule in this State is that it is negligence *per se* to mount a moving train, and that therefore the instruction we have just recited is erroneous.   There is no rule of law in this State, as we understand it, that

denounces such an act as negligence *per se*. It will be found that expressions of this nature, when found in the opinions of the Supreme Court, have reference to the facts and not the law. As a matter of fact, distinguished from the law, to mount a moving train may be, and oftentimes is, negligence *per se*. Under the many times repeated decisions of the Supreme Court, too numerous to cite, what is or is not negligence is a question of fact to be decided by a jury under proper instructions, unless, of course, the act sought to be established as constituting negligence is such that all fair and reasonable minds would agree that it should be so characterized. It may be, as a question of fact, circumstances may exist when to board a moving train would not be negligence, for other independent forces may intervene, set in motion by causes not connected with the moving train, unforeseen by the person injured, and in the absence of which there might, in the exercise of ordinary care, be entire safety. The question is always whether the act is one which is consistent with prudence, under all the circumstances. It is also matter of common observation at almost every railroad station, that the conductors in charge of trains, from a position of observation upon the platform, ever mindful of the high degree of care these carriers owe to the public, will mount their trains after the signal to start has been given and obeyed. Hence it is but a reasonable rule, one existing from the necessities and varieties of human conduct, that what is or is not negligence, what is or what is not ordinary care, should be left to be tested as a question of fact, under the evidence and by the proper rules of the law. We can also imagine circumstances where all fair or reasonable minds would say it is negligence to board a moving train. It is of course impossible to lay down a fixed rule upon this subject, and it is not intended to do so. In truth it may be said there is no rule upon the subject, for the question is one of fact and not of law.

The instruction we are considering would, we think, be accurate, had it omitted to call attention to the speed of the train. This was misleading, for the reason that it singled

out one fact, thereby giving it undue prominence. The jury should have been left to determine the question of care from the whole evidence, and they no doubt understood from the instruction that if the train was moving very slowly, that would be an excuse for using ordinary care in other respects. We believe the giving of this instruction was prejudical error.

The court refused to give the fifteenth and sixteenth instructions requested by the appellant, which is also assigned and argued as error. These instructions were to the effect that if the jury believed from the evidence that the injury to the plaintiff was caused by her attempt to board a moving train the verdict should be for the defendant. We held in C. & A. R. R. Co. v. Gore, 92 Ill. App. 418, that it was error to refuse similar instructions. These instructions are independent of the question of contributory negligence, and present the separate and distinct proposition, disconnected from the supposed negligence of the defendant, or rather superseding it, that if the injury was caused by the act of appellee getting upon a moving train, it followed as a logical sequence the injury could not have been caused by the alleged negligence of appellant. In other words, the act of boarding the moving train would be the superseding cause of the injury. It therefore was, and is, not a question of negligence *per se*, as applied to the doctrine of contributory negligence, but a question of causation merely. As we said in the Gore case, *supra*, "if the act of getting on the train was the cause of the injury, it was not only the proximate but the direct cause; and although it might have been induced by the appellant, such is not the cause stated in the declaration, and we think appellant's rights demanded the instructions to have been given, and it was error to refuse them."

For the errors indicated the judgment of the Circuit Court will be reversed and the cause remanded for a new trial.

Reversed and remanded.