## The Chicago and Alton R. R. Co. v. Nannie Flaherty.

1. PRACTICE—*Where Case Has Been Tried Twice by a Jury.*—Where a case has been tried twice by a jury, and their conclusion twice approved by the trial judge, it will not be disturbed, in the absence of anything appearing in the record which tended to improperly influence them in the consideration and determination of the issues presented to them.

**Trespass on the Case,** for personal injuries.   Appeal from the Circuit Court of Macoupin County; the Hon. ROBERT B. SHIRLEY, Judge presiding.   Heard in this court at the May term, 1902.   Affirmed.   Opinion filed November 1, 1902.

PATTON, HAMILTON & PATTON, attorneys for appellant; WILLIAM BROWN, of counsel.

DAVID E. KEEFE and PEEBLES & PEEBLES, attorneys for appellee.

OPINION PER CURIAM.

When this case was before us at a former term, a judgment against the railroad company in favor of Miss Nannie Flaherty for $3,000 was reversed because the court gave improper and refused proper instructions, and the case was remanded to the Circuit Court for another trial. A statement of the case appears in 96 Ill. App. 563, and it is unnecessary to repeat it. It was tried by jury again, and

C. & A. R. R. Co. v. Flaherty.

resulted in verdict and judgment in her favor for the same amount as before.

The railroad company appeals to this court to reverse the latter judgment and argues for error that the court admitted improper evidence; that the evidence is insufficient to support the verdict, and that the damages are excessive.

The testimony which it is now claimed was improper, was held to be proper when the case was formerly before us, and the record does not show anything which rendered it improper.

The evidence upon the second trial was substantially the same as before, and it also appears that appellee is still unable to use her left leg, the ankle and foot of which were injured. There is nothing in the evidence which now causes us to change our former conclusion that the case should be passed upon by a jury, and the conclusion they reached upon the facts having been twice approved by the trial judge, will not be disturbed, in the absence of anything appearing in the record which tended to improperly influence them in the consideration and determination of the issues presented to them.

It is contended that the damages awarded are excessive because the bad condition of appellee's leg, foot and ankle are due largely to her failure to use them, and because she has kept it too tightly bandaged since she received the injuries of which she complains.

The appellee testified that she had attempted to use them several times since she was injured and such attempts gave her great pain; that for want of proper strength in her ankle, it would bend inwardly so that she could not put any of her weight upon that leg and that the bandage was used in the manner directed by her attending physician, who testified that the bandage was properly used. And while other physicians testified at the instance of the railroad company that the continued bad condition of appellee's leg, ankle and foot was largely due to her not using them in spite of the pain attending such use, and to the tight

bandage she wore, yet we are convinced that the injuries which appellee received, the pain she suffered, and her total inability to use her leg, warranted the jury in allowing her the amount they did.

No prejudicial error having been committed against the appellant, the judgment is affirmed.