## The Chicago & Alton R. R. Co. v. Truman K. Gore.

1. CARRIER OF PASSENGERS—*Care to be Exercised for the Protection of Persons Alighting and Boarding Trains at Stations.*—Managers and conductors of railroad trains must take notice that passengers and employes, while trains are yet at station platforms, do and will, sometimes, get upon them when in slow motion, and as a high degree of care is due for the protection of persons alighting from and boarding trains at stations, it is the duty of the management of railroads to see to it that the platforms at the stations are unobstructed by trucks, baggage, or otherwise within a safe distance from the side of the train, before leaving the station.

2. PRACTICE—*Object of Arguments to Juries.*—The object of argument to juries by counsel, is to induce the proper conclusions by which verdicts may be reached, based upon the evidence of the case, and counsel may from the evidence in the case, draw conclusions, upon their own system of reasoning, as to what the general verdict should be; and inasmuch as the special verdicts are to affect the general verdict, counsel may advise the jury, in their argument, concerning such findings.

3. SAME—*Motion in Arrest of Judgment When There is One Good Count.*—Where there is one good count in the declaration, a motion in arrest of judgment can not prevail.

4. NEGLIGENCE—*A Question for the Jury.*—It is for the jury and not for the court to say what constitutes negligence.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Macoupin County; the Hon. ROBERT B. SHIRLEY, Judge presiding. Heard in this court at the May term, 1902. Affirmed. Opinion filed November 1, 1902.

PATTON, HAMILTON & PATTON, attorneys for appellant; WILLIAM BROWN, of counsel.

BELL & BURTON, attorneys for appellee.

MR. PRESIDING JUSTICE WRIGHT delivered the opinion of the court.

This case was before us twice before, 92 Ill. App. 418, and 96 Ill. App. 553, and at those times the judgments were reversed, and the cause remanded for a new trial, for reasons stated in the opinion of the court. A third trial has resulted in a verdict against the appellant for $5,304, upon which the court, after having overruled appellant's motion for a new trial, gave judgment, and appellant again brings the record to this court for review, and to effect a reversal of the judgment has assigned and argued various errors which it is insisted contain a sufficient vice for such purpose.

As to the facts of the case, there is no substantial difference than when the case was before us at the former times, and we refer to our former opinions for a statement of the case without repetition here. It is in the first place insisted that the trial court should have directed a verdict for the defendant, as it requested, because the plaintiff was guilty of contributory negligence. That the act of appellee in attempting to board a moving train, under the circumstances shown by the evidence, is contributory negligence, and therefore a bar to a recovery. When the case was before us the last time we said:

"What is or is not negligence is a question of fact to be decided by a jury, under proper instructions, unless the act sought to be established as constituting contributory negligence is such that all fair and reasonable minds would agree that it should be so characterized. It may be that, as a question of fact, circumstances may exist when to board a moving train would not be negligence; for other independent forces may intervene, set in motion by causes not connected with the moving train, unforeseen by the person injured, and in the absence of which there might, in the exercise of ordinary care, be entire safety. The question is always whether the act is one which is consistent with prudence under the circumstances. And again, we can imagine circumstances when no fair or reasonable mind but would say it was negligence to board a moving train. It is of course impossible to lay down a fixed rule upon the sub-

ject, and it is not intended to do so, for the question is one of fact and not of law; but in the view we have of the present case we think, under proper evidence as to the incidents of the accident, and proper instructions, the jury may be permitted to say whether the act of boarding the moving train was or was not contributory negligence on the part of the appellee. If it was, the law is he can not recover. If it was not, and the evidence then shows the injury was the result of the negligence charged against, and committed by the defendant, then such recovery might be sustained."

So it may be seen, from what we have quoted from our former opinion, that this court is committed to the statement that the facts and circumstances in this case were such that it was proper to submit the question, whether or not it was contributory negligence to board the moving train, to the jury, and we are still satisfied we then reached the correct conclusion upon this point, and we are now to consider whether the jury were warranted in finding, as they did, that there was no contributory negligence, and that the injury to appellee was the result of the negligence charged against and committed by the appellant. The conductor of the train knew that appellee was a passenger, and that he was upon the platform at the station desiring and intending to get upon the train. It was the duty of the conductor to give, and we think from the evidence that he did give appellee a reasonable opportunity to board the train. While in the act of boarding the train, however, it started to move, which no doubt to some extent confused the mind of appellee as to surrounding conditions, and in such confusion of mind appellee was compelled to instantly decide whether it was safer to persist in his effort to get upon the train, or get upon the platform, and by the impulses that would naturally spring from the ordinary mind under like circumstances, he clung with his hand gripping the guard rail, and in this, we think, he did no more than ordinary men would do under like circumstances. In truth, the train was moving very slowly, and was yet to be boarded by the conductor himself, and it is not to be presumed that he considered it dangerous to get upon the train while it was moving slowly like it was at that time. There

was in fact no danger apparent to the ordinary mind in the mere act of stepping upon the train when appellee did so, and but for another fortuitous circumstance, the position of the baggage truck upon the platform, no injury would have happened to him. Managers and conductors of railroad trains must take notice that passengers and employes, while trains are yet at station platforms, do and will, sometimes, get upon them when in slow motion, and as a high degree of care is due for the protection of persons alighting and boarding trains at stations, it is the duty of the management of railroads to see to it that the platforms at the stations are unobstructed by trucks, baggage, or otherwise, within a safe distance from the side of the train, before leaving the station. Had such a precaution as this been taken, demanded as we think by a high degree of care, appellee would not have been injured. The declaration charges this obstruction to the platform as one of the elements of the negligence averred against appellant, and we have little doubt, in view of all the evidence, the negligence leaving the truck so dangerously near the train was the proximate cause of the injury to appellee, and had it not been there, no injury would have happened. It follows, therefore, from what we have said, that in our opinion the jury was warranted in finding, as they did, that appellee was in the exercise of ordinary care and that appellant was guilty of the negligence charged in the declaration, and that the latter was the proximate cause of the injury to appellee. The court did not err in refusing to direct the verdict at appellant's instance, nor will the verdict be disturbed on the ground it is not supported by the evidence.

It is also insisted that the admission by the court in evidence of the conversation between the appellee and the conductor relative to appellee's intention to alight from the train at Joliet to change the destination of his baggage, was erroneous and prejudicial. We held, in our former opinion, this evidence properly admissible, for the purpose of showing that appellee was a passenger; and we might also have added, for the purpose of further showing that the

conductor knew it was appellee's intention to get off the train at this point for the purpose of re-checking his baggage; and we are still satisfied with our holding upon that point—in truth, bound by it in the present case. The conductor knew that appellee was a passenger; he also knew from the conversation admitted in evidence that it was appellee's intention to alight from the train at that station. There is no evidence that appellee was forbidden to so alight, and when he did so with the knowledge and assent of the conductor, as he did, appellant then owed him the same duty, and none other, while upon the platform, that it owed to others whom it knew were about to enter the train originally to take passage, and, as we said before, we are not prepared to say the conductor did not perform his full duty in this respect, the fault of appellant being that of leaving a baggage truck dangerously near the train, in consequence of which appellee was caught by it, thrown, and thus injured.

There was no prejudicial error in the court's modification of the special interrogatories by the insertion of the word " proximate " before the word " cause," so that the jury was required to say whether the attempt to board the train while in motion was the proximate cause, instead of the cause of the injury. In the relation of these words to the general verdict, as they were used in the interrogatories, we see no substantial difference in their meaning. It would doubtless have been proper to have given them as requested, but there was no prejudicial error in their modification.

It is also argued that the trial court erred in permitting the counsel for appellee to discuss, in their argument to the jury, what the proper answers, upon the evidence in the case, should be to the special interrogatories, and Elgin City Ry. Co. v. Wilson, 56 Ill. App. 364, is cited in support of the argument. We do not find that case in point, as the court there only denounced the statement of counsel that the law relating to special findings was procured from the legislature by the efforts of corporations; the remarks of counsel concerning the special findings, required of the jury, were not given in the record then before the court, and

C. & A. R. R. Co. v. Gore.

the question was therefore not before it.   We know, and this is the knowledge of the profession everywhere, that the object of arguments to juries by counsel is to induce the proper conclusions by which verdicts may be reached, based upon the evidence of the case; and it has never been questioned, so far as we are advised, that counsel may from the evidence in the case draw conclusions, upon their own system of reasoning, as to what the general verdict should be; and inasmuch as the special verdicts are to affect the general verdict, we are unable to devise any good reason why counsel should be prohibited from advising the jury, in their argument, concerning such findings.   If the legislature, in providing that such questions of fact shall be submitted to the adverse party before the commencement of the argument to the jury, did not intend to afford counsel an opportunity to argue the same questions to the jury, then we are at a loss to know what was intended.   In the absence of binding authority to the contrary, and none has been cited, and we are aware of none, we are of the opinion that counsel on both sides have the right, within the evidence of the case, to discuss, in their argument to the jury, all questions arising upon such evidence, and there should be no limitation upon the argument merely because one side or the other may request special verdicts, including some or all of the questions; and this may be done, even to the extent of advising the jury how, in the opinion of counsel, the special questions should be answered from the evidence in the case.   The same points would be in the case without the request of a special finding, upon which counsel would undoubtedly be entitled to be heard before the jury, and it seems absurd to hold that because one side has requested a special verdict the other must be silent upon the subject of such verdict; for, if this was carried to its logical sequence, it would be possible to prevent all argument to the jury by ingeniously requesting special verdicts upon all the material points in the case.

We have examined the instructions given for the plaintiff below, in the light of the criticisms put upon them by counsel for appellant, and find no prejudicial error in them;

and when all the instructions are considered together, given by the court for either party, we are of the opinion the jury was as fully and fairly instructed as the rights of appellant demanded, and all that was proper in the refused instructions was contained in those given by the court at the instance of appellant. The eleventh refused instruction, of which complaint is made, assumes to tell the jury that certain facts recited in it, if true, would prevent a recovery, and it was properly refused because it was for the jury, and not for the court to say what constituted negligence. The tenth instruction is too broad in directing the jury to disregard evidence that was admitted, and that we held in a former opinion was properly admissible. Had the instruction been so framed as to direct the jury to disregard the evidence so far as it affected the negligence charged in the declaration, it would have been proper to have given it; but there was no error in refusing it as asked. The jury having found that the attempt to board the train by appellee while it was in motion was not the cause of the injury, rendered the refusal of the twelfth refused instruction harmless. The sixteenth, seventeenth and twentieth instructions assume to tell the jury what is negligence, and were properly refused; and the eighteenth and nineteenth instructions were properly refused for the reasons we have specified in respect to the tenth.

The motion in arrest of judgment was properly denied. While all of the negligent acts imputed to appellant, and averred in the second count of the declaration, were not proved, and need not have been, still it contained enough substantive and independent averments, relative to the obstruction upon the platform in its relation to the operation of the train, whereby appellee was caused to be struck by such obstruction and thereby injured; and this we think stated a good cause of action for negligence and made the count good, at least after verdict, and where there is one good count in the declaration, a motion in arrest of judgment can not prevail. Finding no reversible error in the record and proceedings of the Circuit Court, its judgment will be affirmed.