LAKE ERIE & WESTERN RAILROAD COMPANY

v.

CHRIST CHRISTISON.

*Railroads—Ejectment of Passengers—Damages—Practice—Discretion of Trial Courts—Evidence—Instructions—Practice.*

1. In an action for tort where the averments of the declaration are divisible, the plaintiff may recover upon proof of enough to make a cause of action.

2. In such case mere surplusage will not vitiate, but where some statement on the subject is necessary and it can not be wholly rejected, a variance or failure to prove as laid is fatal.

3. Punitive damages are admissible where the injury is wantonly inflicted, and are visited upon the wrongdoer by way of mere punishment, regardless of the amount of damages actually sustained.

4. The indignity suffered by reason of the unlawful act of another is a proper subject of compensation whether the act was wanton, malicious or wilful, or whether it was merely negligent or mistaken.

5. What the indignity is in a particular case is a question of fact for the jury.

6. It is proper to refuse to repeat, or absolutely refuse an instruction where the same contains elements calculated to mislead or confuse the jury.

7. In an action brought for the recovery of damages for the alleged wrongful ejectment of plaintiff from a railroad train, this court holds, in view of the evidence, that the trial judge was guilty of no abuse of discretion during the trial thereof in the court below; that there was no error in the giving or refusing of instructions, and declines to interfere with the judgment for the plaintiff.

[Opinion filed January 24, 1891.]

APPEAL from the Circuit Court of Ford County; the Hon. A. SAMPLE, Judge, presiding.

Mr. MILTON H. CLOUD, for appellant.

Messrs. COOK & MOFFETT, and A. L. PHILLIPS, for appellee.

WALL, J.　This was an action on the case for damages accruing to the plaintiff on account of being put off a train on the defendant's railroad. The plaintiff recovered a judgment for $75, from which the defendant has prosecuted an appeal to this court.

The plaintiff alleges that he applied to the ticket agent for a ticket from Gibson to switch D., and that the agent refused to sell him a ticket but assigned no reason for such refusal; that he then got upon the train after having learned from the conductor that it would stop at said station; that he conductor required him to pay ten cents extra for having no ticket, which he refused to do, and then the conductor stopped the train and told him to get off at a point about one-third of a mile from the station house at Gibson. The contention of the defendant is that the plaintiff got off voluntarily and without any force or even a request to do so from the conductor.

The occasion was a dark, rainy night on the 30th of May, 1889, and while the plaintiff was subjected to no very serious loss or inconvenience, yet the matter was one of some annoyance, and was an invasion of his rights, if the facts were as he stated.

The only substantial point of fact in dispute was whether the plaintiff left the train voluntarily, or whether he was ordered off and yielded to the authority of the conductor. The evidence is in conflict, but there is sufficient to support the finding, and as this is the third verdict to the same effect as we learn from the briefs, we should be disinclined, even were the proof less satisfactory, to reverse the judgment upon this ground. It is objected by appellant that the court erred in allowing the plaintiff to ask his own witness Nagle whether he had not made a certain statement out of court.

The question was evidently asked for the purpose of refreshing the memory of the witness but it resulted in elicit-

ing nothing of importance, and it is clear that no harm was done to the defendant even assuming that the question was irregular. This, however, is a matter very much in the discretion of the court, and it does not seem that the discretion was abused.

It is next urged that the court made an improper remark in the presence of the jury.

This alleged impropriety occurred during the cross-examination of the plaintiff as to what he had testified on a former trial, and when a certain question was asked to which the plaintiff objected the court said: " I don't see that there is any contradiction in that between what he then testified and what he now says," meaning, as we understand, that the question did not imply a contradiction, however it might be answered, and therefore sustained an objection to it. The cross-examination as to what the plaintiff formerly testified had already been quite protracted, and we can not see that the discretion of the court was improperly exercised in declining to permit it to be continued, or that the remark just quoted could have had any particular effect upon the jury.

It is also urged that the court erred in giving instructions for the plaintiff, the first objection being that the instructions permitted a recovery upon less evidence than was necessary to support all the averments of the several counts to which the instructions were applicable. In actions for tort where the averments of the declaration are divisible, the plaintiff may recover upon proof of enough to make a cause of action. The instructions referred to are not subject to objection in this respect. They embodied all that was necessary to constitute a cause of action even though they may have omitted some immaterial matters averred in the declarations, such as an offer to pay for a ticket which plaintiff was then applying for and the like. " In torts the plaintiff may prove a part of his charge if the averment is divisible and there be enough proved to support his case." 1 Ch. Pl. 387.

The authority cited by appellant is not in point, as in that case the averment in question was deemed essential, and as it

could not be wholly rejected, it was necessary to prove it as laid. Mere surplusage will not vitiate, but where some statement on the subject is necessary, and it can not be wholly rejected, a variance or failure to prove as laid is fatal. Here the omitted matters were not essential and the averments were divisible.

It is objected to the instructions, secondly, that the court advised the jury in substance that if the defendant was liable, the plaintiff was entitled to recover not only the actual damages sustained, but damages for the indignity he suffered, if any such was shown by the evidence, and that in this there was error, because damages for indignity are punitive in their nature, and whether punitive damages are allowable is for the jury, a plaintiff never being entitled to merely punitive damages as a matter of right. Punitive damages are admissible where the injury is wantonly inflicted, and are visited upon the wrongdoer by way of mere punishment, regardless of the amount of damages actually sustained. The indignity suffered by reason of the unlawful act of another is a proper subject of compensation whether the act was wanton, malicious or wilful, or whether it was merely negligent or mistaken.

The suffering thereby occasioned is not to go unrequited, however, because there is no improper motive or purpose, and is a ground of damage quite apart from the matters which distinctly give rise to punitive or vindictive damages.

In Penn. Co. v. Connell, 112 Ill. 305, it was conceded and assumed that one unlawfully ejected from a train was entitled to "reasonable damages for the indignity."

What the indignity is in the particular case must be a question of fact for the determination of the jury.

We think there was no error in the action of the court giving instructions for the plaintiff, nor do we find error in the refusal to give certain instructions asked by defendant. As is frequently observed, the proper and material portions of those refused will be found sufficiently for all purposes in those given for the defendant. It is not error to refuse to repeat, or to refuse where the instruction contains elements

calculated to mislead or confuse the jury. The last point urged in the brief that the verdict is against the evidence has been already considered in connection with others except as to the amount of damages allowed. According to the evidence of the plaintiff, he was unlawfully ejected from the train and was entitled to recover therefor; and while the amount of actual injury sustained was very slight, yet as we have indicated the jury had the right to allow a reasonable sum for whatever indignity was thereby occasioned. We are not prepared to say that the amount allowed is so high as to indicate passion or prejudice as a necessary conclusion, and we do not feel required to interfere on that ground. Finding no substantial error in the record, the judgment will be affirmed.

*Judgment affirmed.*