## Chicago & G. T. Ry. Co. v. Frank Spurney.

1. VARIANCE—*Pleadings and Proofs.*—In an action for personal injuries, where the negligence complained of in the declaration was that the defendant failed to provide any means or appliances of warning to the plaintiff of the starting of the machinery in motion, etc., and the evidence introduced by him tended to show that there was, prior to the accident, a means provided by the defendant of giving warning of the starting of the machinery in motion, in the form of a custom existing, on the part of the foreman in charge of the elevator, to give such warning, and that such warning was not in this instance given, *held*, that there was no such discrepancy between the declaration and the evidence as constituted a material variance.

2. DAMAGES—*Where $15,000 is Not Excessive.*—An employe of a railroad company was so injured that it became necessary to amputate his leg, and there were three amputations performed, by the third of which the leg was cut off above the knee. He was in the county hospital more than six months. The leg was terribly lacerated, involving great suffering for a long period of time, during which the various surgical operations were performed. Before the injury he was earning $1.75 per day. A judgment for $15,000 was held not to be grossly excessive.

**Trespass on the Case,** for personal injuries. Error to the Superior Court of Cook County; the Hon. SAMUEL C. STOUGH, Judge, presiding. Heard in this court at the October term, 1900. Affirmed. Opinion filed October 24, 1901.

**Statement.**—This record presents a judgment recovered by defendant in error in an action against plaintiff in error for personal injuries. Defendant in error, Spurney, was an employe of plaintiff in error, and his duties were shoveling grain out of cars by use of a scoop, which was operated by power. The scoop was attached to a long rope which operated over a drum on a shaft some distance above the floor of the elevator wherein defendant in error worked.

There were in this elevator what is termed in the evidence three "legs," at which cars were unloaded by means of three scoops, which worked by the revolving of the shaft and the winding of the rope on the drum, thus drawing the scoop with the grain from within the car to a hoisting machine, by which it was elevated to the upper part of the building. It is this hoisting apparatus that is

termed in the evidence a "leg;" and defendant in error worked at the south "leg." A track ran through the building, on which cars were brought up to these "legs" to be unloaded, and when a car had been placed on the track by the "leg" to be unloaded, it was then the duty of defendant in error to pull his scoop into the car and unload the grain into the hoisting apparatus.

The engine that ran the machinery in the building was in the engine room, just north of and outside of the elevator building. When the machinery was started in motion it would set the shaft to which the grain scoop with which defendant in error worked was attached, revolving all the way through the building, and if the rope by which the scoop was worked was at that time unwound, the moment the shaft would begin to revolve the rope would begin to wind up on the drum, and this defendant in error understood.

The accident in question occurred about seven o'clock in the morning, when the engines started up and the machinery was set in motion and the shaft in revolution. The rope at this south "leg," by which the scoop was worked, was unwound from the drum (though attached to it), and lay loose upon the floor. It did not hang directly down from the drum on the shaft to the floor, but passed through a pulley which stood by the side of the elevator "leg" between three and four feet above the floor and between three and four feet back from the body of the car to be unloaded, and lay on the floor by the pulley.

Defendant in error states in his testimony that he got to the elevator a little before seven o'clock that morning, and that he first got ready for his work; that he found this rope unwound, and was just starting to wind it up on the drum by pulling down a counterweight, which hung down from the drum about half way from the drum to the floor, over a foot or two to the west of the pulley and west of where the rope lay, by pulling on which the drum could be made to turn, though the machinery should not be in motion. In so doing he stepped on the rope, and at that moment

the machinery started up, the shaft commenced to revolve and the rope to wind up on the drum, catching his leg and pulling him toward the pulley, where it was caught and held until the rope broke, so lacerating the flesh as to require amputation.

Seven o'clock was the hour for starting the machinery, and this accident happened as it started at the usual hour. There was no claim that the machinery was started at any other than the regular time.

There was no bell or other appliance used in the business of plaintiff in error to give signals of the starting up of this machinery, and there had not been any such in use during the time that defendant in error was employed.

Defendant in error introduced evidence tending to show that during the time of his employment a foreman of the plaintiff in error had been accustomed to give notice to the workmen, by calling out that the engine was about to start up, and that on the morning of the injury in question no such notice was given. This evidence was admitted over objection, and exception thereto was preserved by plaintiff in error.

The declaration consisted of two counts. On the trial the attorney for defendant in error announced that he did not seek a recovery under the second count.

The first count charged that plaintiff in error, defendant below, negligently failed to provide any means of warning for the plaintiff when said machinery was about to be put in motion, more particularly when said machinery was about to be put in motion at a time of day when it was not usual or customary to run said machinery; that thereby and therefrom the plaintiff, with all due care and caution for his own safety in that respect, and while, in the course of his said employment, then and there adjusting and placing in a proper position for use the rope connecting said grain shovel with said machinery, was, by reason of the negligent, careless and improper conduct of the said defendant in setting said machinery in motion (which act on the part of said defendant the said plaintiff had no reason to expect or

anticipate), causing said rope to be drawn rapidly, etc. caught, etc., and injured.

Plaintiff in error introduced no evidence upon the trial, and at the conclusion of the evidence offered by the defendant in error, plaintiff below, it moved for an order striking out the evidence introduced by the plaintiff there, on the ground that such evidence was at variance with the declaration, in that the negligence which was complained of in said declaration is that the defendant failed to provide any means or appliances of warning to the plaintiff of the starting of the machinery in motion, etc., while the evidence introduced by the plaintiff tends to show merely that there was prior to the said accident a means provided by the defendant of giving warning of the starting of the machinery in motion in the form of a custom existing to give such warning on the part of the foreman in charge of said elevator, and that the defendant was guilty of negligence at the time in question in failing to comply with such alleged custom.

A further motion was interposed to instruct the jury to return a verdict for the defendant there, on the ground that the evidence failed to show that said defendant was guilty of the negligence charged. These motions were overruled by the court and the issues were submitted to the jury. A verdict for defendant in error was returned, by which his damages were assessed at $25,000. A motion for a new trial by plaintiff in error was overruled by the court. A remittitur of $10,000 was entered and judgment was rendered upon the verdict thus reduced for the amount of $15,000.

S. A. Lynde, attorney for plaintiff in error.

Theodore G. Case, attorney for defendant in error.

Mr. Justice Sears delivered the opinion of the court.

The grounds upon which a reversal of this judgment is sought are, first, a variance between the evidence and the declaration, and, second, that the verdict is excessive.

It is argued that the evidence as to the alleged custom of the foreman to call out and give notice of starting the machinery in motion was at variance with the declaration, and that the court erred in overruling the objections to its introduction and in refusing to strike it out and to instruct the jury to find for the defendant below.

We are of opinion that this contention can not be sustained. Whether the gist of the negligence charged be the failure to provide proper appliances for signals when the machinery was about to be set in motion, or the negligent starting of the machinery without any warning to the defendant in error that it was about to be started, in either event, we regard the evidence sufficient to sustain the allegations of the declaration.

It appears from the evidence that there was no such appliance furnished by plaintiff in error for the protection of its employes engaged in work upon the machinery, distant a considerable space from the engine by which it was moved. Moreover, it appears that the defendant in error was injured by the starting up of the machinery without any warning to him that it was about to be started.

It might reasonably be concluded by the jury from the evidence, that the negligence of the plaintiff in error in failing to provide any bell, gong or other appliance, by which the operator of the engine could notify those working upon the distant machinery, which was to be moved by the engine, that the engine was about to start and set the machinery in motion, was an efficient and proximate cause of the injury. It is certain that the proof sustains the allegation that "by reason of the negligent, careless and improper conduct of the said defendant in setting said machinery in motion," the defendant in error was injured.

In this kind of action it is enough to sustain by the proof sufficient of the allegations of the declaration to warrant a recovery. 1 Chitty on Pl. (9th Am. Ed.), 386-7; L. E. & W. R. R. Co. v. Christianson, 39 Ill. App. 495.

If the first count of the declaration, upon which the recovery was had, is double, in that it in effect charges

negligence in failing to furnish any appliance to warn defendant in error, and in that it also charges negligence in starting up the machinery without any warning to defendant in error by appliance or otherwise, the fault is one which could not be reached by objection to evidence upon either charge at the trial.

Plaintiff in error objected to the evidence when proffered, and also moved to have it stricken out; therefore it can not be said that the verdict cured a variance, if there was one. But we are of opinion that there is no such discrepancy between the essential allegations of the declaration and the evidence, as constitutes a variance.

Secondly, it is urged that the verdict was for a grossly excessive amount, and that the remittitur did not cure this vice and make it good to support a judgment.

In C. & E. I. R. R. v. Cleminger, 77 Ill. App. 186, we held that where a verdict was for an excessive amount, and it appeared that the excess was so gross as to indicate passion or prejudice on the part of the jury as a cause, a remittitur ought not to be viewed as curing the verdict. But we also held, under the facts in that case, that where no errors appeared in the proceeding at the trial, and where the evidence supported the verdict for the larger part of the amount awarded, we could not hold that the amount of the verdict itself indicated any improper motive on the part of the jury.

In this cause no complaint is made of any error in procedure, except as above indicated upon the ground of a variance. The only ground, therefore, upon which it could be held that this verdict is not made good by the remittitur, would be that it is, as reduced, still too large, or that as originally returned it was so grossly excessive as to indicate passion or prejudice. We are of opinion, after consideration of all the evidence, that the verdict here should not be so viewed.

The evidence discloses that defendant in error was so injured that it became necessary to amputate his leg. There were three amputations performed, and by the

third the leg was cut off above the knee.   Plaintiff in error was in the county hospital for more than six months. His leg was terribly lacerated, involving of necessity great suffering during a long period of time, during which the various surgical operations were performed.   Before the injury he was earning $1.75 a day.   It required no further evidence to warrant the jury in concluding that his earning capacity was permanently impaired.

Under this evidence the trial court considered a recovery of $15,000 sufficient.   The amount thus awarded is large, yet upon the evidence and after the approval of the trial court, we can not hold that it is excessive.   And while the award of $25,000, as made by the jury, was evidently regarded by the trial court as excessive, yet we are not prepared to hold that it was so grossly excessive as to warrant the conclusion that the jury were moved by passion or prejudice.

The judgment is affirmed.