## John E. Swanson, Defendant in Error, v. Peoria & Pekin Union Railway Company, Plaintiff in Error.

## Gen. No. 6,768.

1. APPEAL AND ERROR, § 462*—*when order of Interstate Commerce Commission cannot be considered on appeal.* An order of the Interstate Commerce Commission not offered in evidence on the trial, not contained in the bill of exceptions nor in the record and which does not appear to have been called to the trial court's attention, cannot be availed of on appeal.

2. MASTER AND SERVANT, § 143*—*when railroad car is defective.* In an action by a brakeman under the Federal Employers' Liability Act and the Federal Safety Appliance Act and its amendments to recover for injuries alleged to have been received through a sudden sideways movement of the wheel and staff of the hand brake which plaintiff was operating, causing plaintiff to lose his balance and fall, with the result that he was run over, evidence considered and *held* to warrant a finding that the car was an old one, the brake platform contained old cracks, that because of these cracks the brake shaft would move and that such movement would cause the top of the brake to shift sideways from 6 inches to 2 feet.

3. MASTER AND SERVANT, § 142*—*what railroad equipment must be furnished.* Under the Federal Safety Appliance Act, the railroad company is required to furnish its cars with the several parts of the hand-braking appliances so securely connected that the brakes can be set with safety in the ordinary routine of a brakeman's duties.

4. MASTER AND SERVANT, § 145*—*what hand brakes must be supplied by railroads.* For a hand brake to be efficient within the meaning of the Federal Safety Appliance Act and in order that it may be safely operated by the brakeman, it must be so attached to the car that it will remain upright, and a brake which is so attached that the wheel, while being operated, is liable to move suddenly sideways from 6 inches to 2 feet is not an efficient hand brake.

5. MASTER AND SERVANT, § 565*—*when variance is not shown.* Where the declaration, in an action by a brakeman under the Federal Employers' Liability Act and the Federal Safety Appliance Act and its amendments, avers that defendant negligently hauled upon its line a freight car with its hand brake in a dangerous, insecure and inefficient condition, so that, while plaintiff was releasing such

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

hand brake in the due course of his employment, the wheel and staff of the brake suddenly moved sideways, causing him to lose his balance and fall, there is no variance between such declaration and evidence on plaintiff's behalf going to show that the brake was so attached to the car that the wheel, while being operated, was liable to move suddenly sideways from 6 inches to 2 feet.

6. CARRIERS, § 26*—*who may regulate appliances.* The regulation of the installation of safety appliances on cars engaged in interstate commerce is under the control of Congress.

7. MASTER AND SERVANT, § 110*—*what is effect of defective appliances causing injury.* Under the Federal Employers' Liability Act and the Federal Safety Appliance Act, if the failure of the railroad company to have the brake on a car in working order contributed in whole or in part to cause the injury to plaintiff employee, the railroad company is liable, and neither the plaintiff's contributory negligence nor his assumption of risk can avail defendant as a defense or in diminishing the damages.

8. MASTER AND SERVANT, § 704*—*when finding as to cause of injury is supported by evidence.* In an action by a brakeman, under the Federal Employers' Liability Act and under the Federal Safety Appliance Act and the amendments, to recover for injuries alleged to have been caused by his falling and being run over through defects in the fastening of a hand brake which he was releasing, a finding that evidence contained in a statement made by plaintiff while he was in the hospital after an amputation made necessary by the accident and while he was still suffering from bruises caused by the fall was not in conflict with his statement on the stand concerning the manner in which the accident occurred, *held* proper.

9. MASTER AND SERVANT, § 823*—*when instruction as to evidence is not erroneous.* In an action to recover under the Federal Employers' Liability Act and under the Federal Safety Appliance Act, an instruction which requires of the jury "a fair and candid consideration of all the facts and circumstances shown by the evidence in this case," and requires that plaintiff, to recover, shall prove his case by the greater weight of the evidence as charged in the declaration, is not subject to the criticism that it does not require the jury to confine its consideration to the evidence or to find the facts from the evidence.

10. INSTRUCTIONS, § 151*—*when instruction is properly refused.* A requested instruction restating, in slightly different language, another instruction given at the same party's request is properly refused.

11. INSTRUCTIONS, § 58*—*what instruction as to evidence is erroneous.* An instruction, asked by defendant, to the effect that

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

there can be no recovery under the circumstances stated therein is properly refused where all stated in the instruction may be true and yet plaintiff have a cause of action.

12. INSTRUCTIONS, § 81*—*when instruction is properly refused as singling out evidence.* An instruction requested by defendant which singles out one phase of the evidence and states that it does not entitle plaintiff to recover is properly refused.

13. DAMAGES, § 128*—*when verdict is not excessive.* A verdict of $11,000 is not excessive where plaintiff, who was 32 years old, in addition to being severely bruised and undergoing much pain and suffering, had to have his foot amputated above the ankle joint and was deprived for the rest of his life of his accustomed means of obtaining a livelihood.

Error to the Circuit Court of Peoria county; the Hon. JOHN M. NIEHAUS, Judge, presiding. Heard in this court at the April term, 1920. Affirmed. Opinion filed July 16, 1920. Rehearing denied October 12, 1920.

STEVENS, MILLER & ELLIOTT, for plaintiff in error.

DAILY, MILLER, McCORMICK & RADLEY and MORSE IVES, for defendant in error.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

On December 21, 1917, John E. Swanson was working for the Peoria & Pekin Union Railway Company as a yard switchman and handling cars at the yards in Peoria in interstate commerce, and in the night of that day fell from the top of a freight car while operating a brake thereon and his right foot was crushed and amputation above the ankle became necessary. He brought this suit against the railway company and charged it with responsibility for the accident, and on a jury trial had a verdict for $15,000. On a motion for a new trial, one of the grounds of which was that the verdict was excessive, the trial judge required a remittitur of $4,000, and entered a judgment against

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

defendant for $11,000. This is a writ of error sued out by defendant to review the record.

Defendant contends that there is a fatal variance between the declaration and the proofs. The declaration was in two counts and each count charged that the railway company was engaged in interstate commerce at the time in question, and employed plaintiff as a brakeman and switchman in a certain yard of defendant, and that in the due course of his employment he was releasing a hand brake on a freight car moving with other cars in said yard; that defendant negligently hauled upon its line a freight car with its hand brake in a dangerous, insecure and inefficient condition, so that, while plaintiff was working as aforesaid, the wheel and staff of said hand brake suddenly moved sideways and by reason thereof plaintiff lost his balance and was thrown and fell to the ground there and was run over by one of said cars and greatly injured, etc. The language of the two counts differs but slightly. Defendant contends that the brake was not defective; that the defect was in the sill step or platform upon which plaintiff stood while operating the wheel of the brake and, as no defect in the platform or sill step is averred, therefore plaintiff could not recover under this declaration. The suit is under the Federal Employers' Liability Act and the Federal Safety Appliance Act and its supplements, especially the act of April 14, 1910, which reads in part as follows: "All cars must be equipped with secure sill steps and efficient hand brakes." To sustain its contention here defendant in its brief quotes at length from what it claims to be an order of the Interstate Commerce Commission with reference to hand brakes on cars; and it argues that in that order the hand brake is treated separately from the various other appliances designated for use in connection with a hand brake on freight cars; and defendant argues that as the Interstate Commerce Commission divided the en-

tire brake and apparatus connected therewith into many separate parts and treated the brake separately from the other appliances connected therewith, therefore in this suit the language of the declaration must be applied to the brake and to nothing else, and that the proof shows that the brake was not defective and therefore plaintiff must fail. This order of the Interstate Commerce Commission was not offered in evidence and is not in the bill of exceptions nor in the record before us, and our attention is not drawn to any place where this order was called to the attention of the trial court. Said order is not a statute passed by Congress, and we are of opinion that it could not be availed of by defendant without being in some way brought to the attention of the trial court, and that therefore it is not available to defendant here.

As above stated, the language of the declaration was that while plaintiff was working with the wheel and staff of the hand brake, the wheel and staff of the hand brake suddenly moved sideways and caused plaintiff to lose his balance and fall. Plaintiff testified that, as he released the pawl which held the brake, the platform was loose and the brake shaft wobbled and threw him to the ground; that the brake shaft went to one side about 2 feet out of line. Nelson, a half brother of plaintiff and a car inspector of defendant, heard of the accident during the night and the next morning went to the car in question and examined its hand brake. He testified that the brake shaft went through the platform; that the platform was split in two places; that there were two splits through the board, each split clear through, leaving the board in three pieces, completely severed; that the middle piece was loose and the brake staff went through it, and at the platform it could be moved about 3 inches to the side, and that at the top of the shaft the wheel would move 18 inches or 2 feet out of perpendicular; and that it was an old break or crack. Sheffler, a witness for plaintiff,

testified that he examined the car the next morning; that he found that the shaft passed through the step, that the step was cracked clear across its length, that the plank was movable and the shaft with it, that the shaft moved sideways 2 or 3 inches at the point where the shaft came through the plank, and that the wheel would probably move a foot. Burke, a witness for defendant and its general car foreman, inspected this car the next morning and he testified there was a split through the board which struck the outer edge of the brake-staff hole and extended through its entire length, that it was split in three pieces and that a step which moved two or three inches is not in good repair, and that this was an old car. Supenski, an inspector for defendant, and its witness, examined the car with Burke and testified for defendant that the brake platform was cracked from end to end in a wedge shape, that there was a movement of 2 or 3 inches at the platform and he estimated that the wheel would move 6 inches out of perpendicular. Though these witnesses for the defendant so testified, they also claim that the brake was in good condition. The jury were warranted in finding from the evidence that this was an old car; that its brake platform was cracked and that the cracks were old; that because of the cracks a brake shaft at the platform would move 2 or 3 inches out of perpendicular and that such a movement would cause the wheel at the top of the brake to move sideways from 6 inches to 2 feet. Defendant's contention is that the requirement of the statute that the cars must be equipped with sufficient hand brakes does not cover this case. We think what was said in *Armitage v. Chicago, M. & St. P. Ry. Co.,* 54 Mont. 38, 166 Pac. 301, by the Supreme Court of Montana is much in point. Speaking of the federal act there in question, the court there said:

"The act clearly requires that the carrier shall not only furnish the necessary parts of the braking appa-

ratus, but it shall furnish them so properly adjusted and connected that the brake will be efficient in the condition in which the car is turned over to the employee. To make a more concrete application: The absolute duty was imposed upon defendant to furnish this car with the several parts of the hand-braking appliances so securely connected that the brakes could be set with safety in the ordinary routine of a brakeman's duties.''

We are of the opinion that a hand brake, in order to be efficient and in order that it may be safely operated by the brakeman, must be so attached to the car that it will remain upright, and that a brake which is so attached to the car that the wheel, while being operated, is liable to suddenly move sideways from 6 inches to 2 feet is not an efficient hand brake, and that the evidence we have referred to and which is much more full in the record than we have stated, warranted the jury in finding for plaintiff under this declaration, so far as the question of variance is concerned, even if the order of the Interstate Commerce Commission be held applicable.

That this matter was under the control of Congress is held in *Texas & Pac. Ry. Co. v. Rigsby,* 241 U. S. 33. The liability of the employer under the federal acts referred to is stated in *Union Pac. R. Co. v. Huxoll,* 245 U. S. 535, and it was there said: ''If the failure to have the power brake in working order contributed 'in whole or in part' to cause the death of deceased, the plaintiff in error would be liable in damages, and neither contributory negligence nor assumption of risk could avail the company as a defense or in diminishing the damages.''

After the accident plaintiff was taken to a hospital and his foot was amputated above the ankle joint. He obviously suffered great pain. He was also severely bruised otherwise by the fall. In this condition he was visited by an employee of defendant, who interrogated

plaintiff and wrote down what plaintiff said and pro-
cured plaintiff to sign it. Defendant introduced that
statement in evidence and claims that it differs from
plaintiff's testimony. Plaintiff testified that he was
suffering so severely that he knew very little of what
was said or written, and that he does not remember
what he said. A careful reading of the entire state-
ment shows that he did say that the brake platform
on which he stood seemed to be slightly loose or
cracked, and that there was some motion in the plat-
form. He had been at the brake but an instant when
he fell. He was severely injured and was taken to a
hospital and suffered an amputation with its attendant
distress. It is not strange if he was confused and un-
certain when he was so interrogated. If the state-
ment taken in connection with the circumstances under
which it was procured has any tendency to contradict
plaintiff's testimony, defendant had the advantage of
that with the jury. Certainly plaintiff was well sup-
ported by other witnesses, and the most that can fairly
be said is that the person who wrote the statement
did not fully draw out from plaintiff the circumstances
which would incriminate defendant.

Plaintiff was somewhat confused in testifying where
he stood and which way he faced just before he fell.
Defendant contends that if his first testimony on that
subject is true he could not have fallen because of a
defect in the brake, for then he would have fallen on
the other rail, instead of the one on which his foot was
crushed. Defendant had the full advantage of this
apparent discrepancy on cross-examination and before
the jury. The verdict, approved by the trial judge,
must be regarded as correctly disposing of this con-
tention adversely to defendant.

Defendant contends that the court erred in giving
the fourth instruction requested by plaintiff, because
it does not require the jury to confine its consideration
to the evidence or to find the facts from the evidence.

Swanson v. Peoria & Pekin Union Ry. Co., 219 Ill. App. 59.

The instruction required of the jury "a fair and candid consideration of all the facts and circumstances shown by the evidence in this case," and required that the plaintiff, in order to recover, should prove his case by the greater weight of the evidence as charged in the declaration. We fail to see any ground for the criticism. The court refused four instructions requested by defendant. The first was a restatement, in slightly different language, of the fifth instruction given for defendant. The second said there could be no recovery under the circumstances stated in that instruction, but in fact all therein stated might be true and yet plaintiff have a cause of action. The third singled out one feature of the evidence and said that it did not entitle plaintiff to recover. Such instructions are calculated to mislead the jury, and have been frequently condemned. *Weston v. Teufel,* 213 Ill. 291. The fourth was covered by given instructions.

The damages for which judgment was rendered are not excessive. Not only was the pain and suffering to be considered, but also the fact that the plaintiff was deprived for the rest of his life of his accustomed means of obtaining a livelihood. He was about 32 years old when injured. In a case of a somewhat similar injury, a verdict for $25,000 was reduced by the trial court to $15,000, and the judgment was held not excessive in *Chicago & G. T. Ry. Co. v. Spurney,* 97 Ill. App. 570, and 197 Ill. 471.

The judgment is therefore affirmed.

*Affirmed.*

NIEHAUS, J., took no part.