## Elgin City Railway Company v. Addie M. Wilson.

1. NEGLIGENCE—*Rates of Speed in Dangerous Places.*—It is negligence in an electric car company to run its cars at a high rate of speed in dangerous places.

2. PASSENGERS FOR HIRE—*Right to be Safely Transported.*—A passenger for hire is entitled to be safely transported, and where the car in which such passenger is riding is overturned, the presumption is that it resulted from a defective condition of the track, or the mismanagement of the car, or both, and the burden is upon the company to show that the accident resulted from a cause for which it is not responsible.

3. TRIALS—*Improper Conduct of Counsel—Exceptions to.*—If it is desired to assign error upon the conduct of counsel in the trial of a cause, such conduct must be excepted to at the time, and preserved in a bill of exceptions.

4. SAME—*Improper Conduct of Counsel.*—A statement by counsel in his closing argument, that the law relating to special findings was procured by the efforts of corporations and lobbyists in the legislature, is improper.

5. INSTRUCTIONS—*Oral, Prohibited.*—When the court, after reading the special interrogatories to the jury, told them orally that their answers to them should be consistent with their general verdict, it was held to be erroneous, and a violation of the statute prohibiting oral instructions.

6. SAME—*Agreement for Oral Instructions—Application of.*—An agreement that the court. may instruct orally as to the general verdict, does not authorize the court, after reading special interrogatories to the jury, to instruct them orally as to the nature of their answers.

**Memorandum.**—Action for personal injuries. In the Circuit Court of Kane County; the Hon. HENRY B. WILLIS, Judge, presiding. Declaration in case; plea, not guilty; trial by jury; verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the May term, 1894. Reversed and remanded. Opinion filed December 13, 1894.

A. H. BARRY, attorney for appellant; R. N. BOTSFORD and D. B. SHERWOOD, of counsel.

J. A. RUSSELL and IRWIN & EGAN, attorneys for appellee.

MR. JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

This suit was brought to recover for injuries sustained by appellee while a passenger on an electric street car which, while moving at a rapid rate of speed upon a down grade and around a curve, left the track and was precipitated over a high embankment. There was a recovery for $8,000.

Appellant brings the record here by appeal and contends for a reversal of the judgment because the verdict is not supported by the evidence; because the court improperly allowed certain testimony introduced by the plaintiff to go to the jury, and refused certain testimony proper for the defendant; because of improper remarks by counsel for the plaintiff in his closing speech to the jury; because the court

instructed the jury orally, and because the damages awarded are excessive.

It was claimed by the plaintiff in her declaration and upon the trial that the accident was caused by the spreading of the rails, want of elevation of the outside rail and the rapid speed of the car. She introduced evidence tending to prove such causes. The defendant introduced contrary proof upon those points, and sought to establish that the accident was due to a stone getting upon one of the rails and throwing the car from the track, for which it was not responsible.

About the place where the accident occurred there was a change in the kind of rail used, the south part of the track being " T " rail and the north part flat rail. The car in which the plaintiff took passage was going north. Witnesses for her swore to finding marks on the " T " rail south of the junction, showing that the car left on that rail and ran along on top of the rail some distance and went over the embankment sixty or seventy feet beyond. Witnesses for the defendant swore to finding a mark on the flat rail north of the junction, showing that the car left on that rail. They also swore to finding the remains of a small crushed stone, indicating that the accident was caused by the car wheel striking it. Witnesses for plaintiff swore that the outside rail was not elevated, and that the rails were farther apart than the standard gauge used.

Defendant's witnesses deny this, and it is claimed they are more reliable, because they measured with a standard iron gauge, while the plaintiff's witnesses measured with a tape line and estimated the elevation from the eye. The measurements and elevations taken by defendant's witnesses were taken just before the trial, and there was some conflict as to whether there had been any changes made after the accident more than merely " shimming " up the rail a little with wedges. Notwithstanding the conflict it is made clear that the part of the track where the accident occurred was a dangerous place and required great care on the part of employes operating cars. The evidence satisfies us that the car was moving at a reckless rate of speed at the time it

left the track.   Some of the plaintiff's witnesses fixed the·
rate at twenty miles per hour, while the conductor and
motorneer fixed it at six.   Of course, it is difficult to esti-
mate with accuracy the speed of a rapidly moving electric
car, but it does not seem there could be an honest difference
of fourteen miles per hour.   The evidence is uncontradicted
that the car was rocking and pitching at a fearful rate, indi-
cating that its speed was rapid.

The plaintiff was without fault.   She was a passenger for
hire, entitled to be safely transported, and the presumption
is that the overturning of the car resulted from the defect-
ive condition of the track or the mismanagement of the car,
or both combined, and the *onus* was upon the company to
show that the accident resulted from a cause for which it
was not responsible.   P. C. & St. L. R. R. Co. v. Thompson,
56 Ill. 138; P. P. & J. R. R. Co. v. Reynolds, 88 Ill. 418;
Eagle Packet Co. v. Defries, 94 Ill. 598.

The jury were of the opinion that the accident was caused ·
by the bad condition of the track coupled with the speed of
the train.

The objection to certain rulings of the court on the admis-
sion of evidence are rather unimportant.   It is difficult for
us to see how the admission of that denied or the exclusion
of that complained of could have altered the result.

The defendant submitted for special findings ten interrog-
atories, which were by counsel for plaintiff read to the jury,
and commented on, he giving his idea as to how they should
be answered.   To the action of plaintiff's counsel in so doing
the defendant objected, but the court overruled the objec-
tion and held that counsel had the right to read the interrog-
atories to the jury and explain to them his idea as to how
they should be decided.

This, it is claimed, was reversible error.   What was said
by counsel does not appear in the bill of exceptions, and we
can not, therefore, determine whether the remarks were
harmful.   Such a practice, however, should not receive the
countenance of the court, because of the abuses which it
would evidently lead to.

The statement made by counsel in his closing speech that the law relating to special findings was procured by the efforts of corporations and corporation lobbyists in the legislature was entirely improper. It was met, however, by a prompt rebuke from the court.

When the court read the interrogatories to the jury he told them orally that their answers to them should be consistent with their general verdict. To such oral statement defendant excepted. The giving of such oral direction was erroneous. Oral instructions to the jury are inhibited by statute. The agreement for the court to instruct orally was confined to the form of the general verdict, as appears from the bill of exceptions.

We do not think the direction would have been correct, even if embodied in the form of a written instruction.

The judgment should be reversed and the cause remanded.