# CASES

### IN THE

# APPELLATE COURTS OF ILLINOIS

## SECOND DISTRICT—MAY TERM, 1895.

### Elgin City Railway Company v. Mary Salisbury.

1. REMITTITUR—*In Appellate Court.*—After the filing of the records and briefs by the appellant in the Appellate Court, the appellee was allowed to remit a part of the judgment appealed from.

2. SPECIAL INTERROGATORIES—*When Properly Refused.*—Where a fact to be found in response to a special interrogatory is not a controlling one in the case, the interrogatory is properly refused.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Kane County; the Hon. HENRY B. WILLIS, Judge, presiding. Heard in this court at the May term, 1895. Affirmed. Opinion filed August 2, 1895.

A. H. BARRY, attorney for appellant; BOTSFORD & WAYNE and D. B. SHERWOOD, of counsel.

IRWIN & EGAN and J. A. RUSSELL, attorneys for appellee.

MR. JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

This is an action on the case to recover for injuries sustained by appellee while a passenger on one of appellant's electric cars, which, while moving at an unreasonable rate of speed upon a down grade and around a curve, left the track and was precipitated over a high embankment.

(173)

A trial resulted in a verdict and judgment for $7,275. From the judgment appellant has appealed, and since the filing of the record and briefs in this court appellee has filed a remittitur for $3,275.

For a statement of the facts of this case we refer to the opinion filed in the Elgin City Railway Co. v. Addie M. Wilson, reported in 56 Ill. App. 364. The injuries sustained by the plaintiff in each case occurred in the same accident. They were occupants of the same car, and proof of the cause of the accident were identical in each case.

The evidence shows a clear case of negligence against appellant, and that the injuries sustained by appellee are serious and permanent.

The court properly refused the second, third and fourth interrogatories for special findings offered by appellant. They related to evidentiary facts. C. & N. W. Ry. Co. v. Dunleavy, 122 Ill. 132. The negligence charged in the declaration was running at a dangerous rate of speed over a road bed of an uneven grade and defective rails. The fact found in response to either one of the interrogatories would not be a controlling one in the case.

Appellee, a passenger for hire, was entitled to be safely transported, but instead was injured by the reckless mismanagement of the car by appellant's servant, and since the entering of the remittitur, we do not think the damage excessive.

The judgment to the extent of $4,000 is affirmed.