## City of Joliet v. Margareth Johnson.

1. PRACTICE—*Objections on the Ground of Variance Should be Specific.*—A defendant, moving for a peremptory instruction without stating any specific ground for such motion, can not insist for the first time in a court of appeal, that there is a variance between the allegations and the proofs, as the variance should have been pointed out specifically in the trial court.

2. PLEADING—*Statement of Injuries.*—In a suit against a city for personal injuries, the declaration gave the defendant full notice that the plaintiff expected to prove an injury to her right leg in consequence of a fall on a defective sidewalk.    *Held*, that evidence that varicose veins

resulted to the limb of the plaintiff in consequence of the fall, was admissible.

3. DAMAGES—*A Question for the Jury.*—In a suit for personal injuries the jury have better opportunities for ascertaining the extent of plaintiff's injury and determining the compensation he ought to receive than a court of appeal, and unless the court can see that they were influenced by passion or prejudice, it should not interfere.

**Trespass on the Case**, for personal injuries. Appeal from the Circuit Court of Will County; the Hon. CHARLES BLANCHARD, Judge, presiding. Heard in this court at the May term, 1897. Affirmed. Opinion filed September 20, 1897.

COLL McNAUGHTON, attorney for appellant.

E. MEERS and J. W. DOWNEY, attorneys for appellee.

A non-substantial variance will not be fatal. Kidder v. Vandersloot, 114 Ill. 135.

An objection to variance between allegations and proof should be made in the trial court to afford opportunity to amend. Lake Shore & M. S. Ry. Co. v. Ward, 135 Ill. 516; Chicago, R. I. & P. Ry. Co. v. Clough, 134 Ill. 594; Wight F. P. Co. v. Poczekai, 130 Ill. 143; Hammond v. Goodale, 38 Ill. App. 365; McMahon v. Sankey, 35 Ill. App. 341.

General objection of variance between declaration and proof is not enough; it must be specific to show wherein it consists. Start v. Moran, 27 Ill. App. 119; Lake Shore & M. S. Ry. Co. v. Ward, 135 Ill. 516; McCormick H. M. Co. v. Burandt, 37 Ill. App. 167.

Such defects are cured by verdict. Chicago, R. I. & P. Ry. Co. v. Clough, 134 Ill. 594; McMahon v. Sankey, 35 Ill. App. 341.

It is too late to object to a variance between pleadings and proofs on appeal. Horne v. Walton, 117 Ill. 130; Schoonmaker v. Doolittle, 118 Ill. 605; Dulin v. Prince, 124 Ill. 76; Wabash, etc., Ry. Co. v. Coble, 113 Ill. 117.

Such variance is no ground for reversal. Mattoon v. Fallin, 113 Ill. 249.

The objection of variance between allegations and proof is technical and not favored. Stearns v. Reidy, 135 Ill. 123.

City of Joliet v. Johnson.

MR. PRESIDING JUSTICE CRABTREE DELIVERED THE OPINION
OF THE COURT.

This was an action on the case, for the recovery of damages for injuries claimed to have been sustained by appellee, in consequence of a fall on a defective sidewalk, in the city of Joliet, on September 29, 1894. On a trial by jury appellee recovered a verdict for $1,500. A motion for new trial was overruled and judgment rendered on the verdict.

It appears from the evidence that on the day of her injury, appellee and two lady friends were walking north on Collins street, in the city of Joliet, toward her home, when one of the planks of the wooden walk, over which they were passing, being stepped upon by one of the party, suddenly flew up in front of appellee's feet, tripping her up and causing her to fall with such violence as to produce the injuries complained of. Complaint is made that the court erred in admitting evidence as to matters not charged in the declaration, but we find no error was committed in that respect. At the close of plaintiff's testimony, a motion was made by appellant to direct a verdict in its favor. It is now insisted that there was such a variance between the declaration and proofs, that this motion was proper and should have been sustained.

We think the question of variance was not sufficiently raised in the court below to enable appellant to avail of the objection in this court. So far as the abstract shows, the motion was made generally, without any statement of variance being given as the ground of the motion. Had such a statement been made, the plaintiff could have amended her declaration so as to meet the objection, which we think comes too late when made for the first time in this court. Probst Construction Co. v. Foley, 166 Ill. 31.

It is also insisted by appellant that the court erred in admitting evidence that varicose veins resulted to the limb of the plaintiff, as a consequence of her fall and injury, because the declaration made no complaint as to any affection of the blood vessels, or enlargement of the injured member. It is true the declaration contains no allegation

as to these specific results of the injury, but yet the charges were broad enough we think to warrant the proof admitted. The object of pleading is to give the opposite party notice of what the pleader expects to prove.    Here the declaration gave appellant full notice that the plaintiff expected to prove an injury to her right leg in consequence of a fall on the defective sidewalk.    We do not perceive how the defendant could have been in any better position for defense, had the declaration further alleged that, as a result of such fall and injury, the plaintiff was now suffering from varicose veins.    We think there was no error on the part of the court in admitting the evidence.

Complaint is also made that the court erred in giving, refusing and modifying instructions.    We do not deem it necessary to discuss the instructions and the objections thereto in detail.    We have carefully examined and considered them, and reached the conclusion that the court committed no serious error in instructing the jury.    Those given on behalf of the plaintiff fairly stated the law of the case, and those asked by the defendant and refused were substantially embodied in other instructions given at its instance.    We find no error in modifying instructions.

It is strongly urged that the damages are excessive.    The jury saw the plaintiff and heard her testify, and they heard all the evidence in the case.    They had better opportunities of ascertaining the amount of plaintiff's injury, and determining the compensation she ought to receive, than we have, and unless we can see that they were influenced by passion or prejudice, we ought not to interfere.

Appellee was a widow about forty-one years old at the time of her injury, supporting herself and several small children by washing and scrubbing.

If her testimony is reliable, she can not now stand upon her injured limb for any length of time, without suffering great pain, and can not do any scrubbing upon her knees, as she did before being injured.    It was for the jury to determine whether these things were true or not.    If they were, we can not say the damages are excessive.

The judgment will be affirmed.