## Chicago & Eastern Illinois R. R. Co. v. John Cleminger.

1. DAMAGES—*$21,000 Held Excessive.*—Plaintiff, while a passenger upon a train of the Eastern Illinois Railroad Company, was injured by the negligence of the company. He was a man of ordinary health and strength; there was evidence tending to show he has been reduced by these injuries to the condition of a hopeless invalid. A judgment for $21,000 was held excessive.

2. VERDICTS—*When Excessive—Remittitur.*—Where no error appears in the proceedings at the trial, and the evidence supports the verdict for the larger part of the amount awarded, and the amount of the verdict does not of itself indicate any improper motive on the part of the jury, it would seem a hardship to remand the appellee to the delay and expense of another trial if he is willing to remit an amount which will reduce it to such a sum as the weight of the evidence shows he is entitled to.

3. SAME—*When Grossly Excessive.*—If a verdict is so grossly excessive as to indicate that it could have been reached only through passion or prejudice on the part of the jury, it will be illogical to treat any part

of it as worthy to support a judgment. And when it is so flagrantly excessive as to be only accounted for on the ground of prejudice, passion or misconception, a remittitur does not remove the objection to it.

4. REMITTITUR—*Practice of Allowing.*—The practice of allowing a remittitur in this court is authorized by the statute. Sec. 82, Practice Act (Hurd's Statutes, 1897, page 1216).

Trespass on the Case, for personal injuries. Trial in the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in this court at the October term, 1897. Affirmed on remittitur, as ordered. Opinion filed May 26, 1898.

MR. JUSTICE SEARS delivered the opinion of the court.

Appellee (while a passenger upon a train of the Eastern Illinois Railroad Company, appellant,) was injured in a collision caused by the negligence of appellant. There is no dispute as to liability of appellant, and there can be no question that injury was sustained by appellee. Upon the trial appellee was awarded the sum of $21,000 as damages, and a judgment for that amount was rendered.

The only errors assigned, which are presented in the brief of counsel for appellant, are:

1st. That counsel for appellee made statements to the jury which were not based upon evidence in the case, and were likely to be prejudicial to appellant.

2d. That the court erred in giving the only instruction which was proffered by appellee.

3d. That the verdict is excessive.

As to the statements of counsel for appellee, it is enough to say that, while objections were interposed, no ruling of the court was had, or refused, to which an exception was preserved. Holloway v. Johnson, 129 Ill. 367; W. C. St. R. R. Co. v. Sullivan, 165 Id. 302.

The only instruction proffered by appellee and given by the court is the following:

"If the jury find the issues for the plaintiff, then the plaintiff is entitled to recover such actual damages as the evidence may show he has sustained as the direct or proximate result of such injury, taking into consideration his

loss of time, his pain and suffering, his necessary and reasonable expenses in medical and surgical aid, so far as the same may appear from the evidence in this case; and if the jury find from the evidence that such injury is permanent and incurable, they may also take this into consideration in assessing the plaintiff's damages."

It is objected that this instruction is faulty, in that it uses the word " evidence " instead of the term " preponderance of evidence." Counsel contend that instead of instructing the jury that plaintiff could recover such actual damages as the evidence may show, etc., they should have been told to regard only such actual damages as a preponderance of the evidence may show; and that the pain, suffering, expense, etc., to be considered should have been limited to such only as appeared from a preponderance of the evidence.

We regard the objection as fanciful rather than substantial. The word " evidence," as here used, could, in reasonable interpretation, mean nothing less than all the evidence. The jury were instructed as to determining what constituted a preponderance of the evidence in the tenth instruction given at request of appellants; and in the eleventh of appellants' instructions the word " evidence " is used as it is in the instruction complained of, *i. e.*, without the qualifying word " preponderance."

It is also objected that the instruction in question is erroneous, because it presents to the jury as a possible element of damage, " reasonable expenses in medical and surgical aid." Counsel contend that there is no evidence in the record which would warrant any such damages.

But Dr. George, a witness called by appellants, testified : " My bill against him (appellee) for services in that matter is, perhaps, $30 or $36." The testimony is sufficient to warrant the giving of the instruction in the respect questioned. Nor does it matter that the bill was unpaid at the time of the trial. Consolidated Coal Co. v. Scheiber, 65 Ill. App. 304.

The third assignment of error upon which counsel for appellants rely is that the verdict is excessive.

The verdict is for a very considerable amount. But if the testimony of appellee is to be credited, his injuries, which resulted from the negligence of appellants, are very serious. From his testimony, if it stood alone and uncontradicted, it would be a fair conclusion, that from a man of ordinary health and strength he has been reduced by these injuries to the condition of a hopeless invalid. Nor would the fact that he has, during a part of the time since receiving his injuries, been engaged in the occupation which he had before that time followed, necessarily and conclusively refute his story as to his physical condition. Invalid as he is, according to his statements, he might yet, under stress of circumstances, continue to labor, though with doubtful efficiency, at his former work. In much of his testimony appellee is corroborated by his son, his daughter and five other witnesses, three of whom were also relatives. In a considerable part of his testimony he is also corroborated by medical experts, Dr. Church, Dr. Moyer and Dr. Flood. To some slight extent he is corroborated by Dr. F. W. Jay, a medical expert, called by appellants. On the other hand he was contradicted by many witnesses, both as to his physical condition before the injury and after.

From a careful examination of all the evidence, we reach the conclusion that as to a considerable part of his representations as to his physical condition before and after the injuries, appellee is supported by such testimony as would warrant a jury in finding that it constituted a preponderance of the evidence.

There are, however, certain elements of damage claimed, to substantiate which no preponderance of the evidence can be found.

We are of opinion that the verdict, while not warranted as to its entire amount by the credible evidence in the case, is yet not so far in excess of such an amount as the credible evidence would support, as to indicate passion or prejudice upon the part of the jury. There is no error in the procedure of the trial court. The question is then presented as to the duty of this court in case of such a verdict,

whether the court should reverse the judgment thereon and remand the cause for a trial *de novo*, or permit the appellee to remit an amount which would reduce the judgment to such a sum as could be said to be supported by the evidence in the case.

If a verdict is excessive, and there has been error in the proceedings, which might tend to produce an improper finding by the jury, we are of opinion that no attempt should be made to cure the verdict by a remittitur. W. C. St. Ry. v. Krueger, 68 Ill. App. 450.

If a verdict is so grossly excessive as to indicate by its very amount that it could have been reached only through passion or prejudice on the part of the jury, it would be illogical to treat any part of such verdict as worthy to support a judgment. Lowenthal v. Streng, 90 Ill. 74, wherein the court said : "And when it is so flagrantly excessive as to be only accounted for on the ground of prejudice, passion or misconception, the remittitur does not remove the prejudice, passion or misconception."

But where no error appears in the proceeding at the trial, where the evidence supports a verdict for the larger part of the amount awarded, and it can not be said that the amount of the verdict of itself indicates any improper motive on the part of the jury, it would seem a hardship to remand the appellee to the delay and expense of another trial, if he be willing to remit an amount which would reduce the judgment to such sum as the weight of the evidence shows he is entitled to.

The practice of allowing a remittitur in this court is authorized by the statute (Sec. 82, Practice Act), and such practice has been followed by this court in judgments *ex delicto*. Elgin C. Ry. Co. v. Salisbury, 60 Ill. App. 173. And by the Supreme Court, when reviewing as to questions of fact. C., B. & Q. R. Co. v. Dixon, 88 Ill. 431.

And the practice as followed by this court has been repeatedly approved by the Supreme Court. N. Chi. St. R. R. Co. v. Wrixon, 150 Ill. 532; C., M. & St. P. Ry. Co. v. Walsh, 157 Id. 672; Elgin City Ry. Co. v. Salisbury, 162 Id. 187.

Nor is such practice peculiar to the courts of review of this State, but it is approved as well by the majority of the courts of other States, where the question has been passed upon.  Holmes v. Jones, 121 N. Y. 461; Hennesy v. Dist. of Columbia, 19 D. C. 220; M. P. Ry. Co. v. Dwyer, 36 Kan. 58; Peyton v. T. & P. Ry. Co., 41 La. Ann. 861; Howard v. Grover, 28 Maine, 97; G. H. & S. A. Ry. Co. v. Duelin, 86 Tex. 450; Lombard v. C., R. I. & P. Ry. Co., 47 Ia. 494; Phelps v. Cogswell, 70 Cal. 201; Cogswell v. W. S. & N. E. E. Ry. Co., 5 Wash. 46; Brown v. So. Pac. Ry. Co., 7 Utah, 288; S. C. & P. R. Co. v. Finlayson, 16 Neb. 578; Kennon v. Gilmer, 9 Mont. 108; Hutchins v. St. P., M. & M. R. Co., 44 Minn. 5.

In the latter case, which was an action *ex delicto* and for negligence, the court said :  "Within certain limits, much must be left to the sound judgment of the jury, and a court has no right to substitute its estimate for theirs; but we have a right to say that beyond a certain amount there is, in any reasonable view of the case, absolutely no evidence to sustain it."

We are of opinion that the ends of justice will be subserved, and no wrong done to appellants, if appellee be permitted by a voluntary remittitur to avoid a reversal of the judgment here.  If appellee shall, within ten days, remit the amount of $6,000, the judgment will be affirmed as to the remainder thereof; otherwise the judgment will be reversed and the cause remanded.  In either event the costs here will be recovered by appellants.

Affirmed on remittitur.