Chicago Union Traction Company, West Chicago Street Railroad Company and Chicago West Division Railway Company v. David Roberts.

Gen. No. 13,043.

1. Verdict—*when not disturbed, as excessive.* A verdict will not be set aside as excessive unless the Appellate Court can fairly say from the evidence that the assessment of damages was the result of passion or prejudice.

Chicago Union Traction Co. et al. v. Roberts.

2. ERRORS—*when will not reverse.* Errors will not reverse unless it appears that prejudice resulted.

3. HYPOTHETICAL QUESTION—*appropriate form of objection to.* Where it is asserted that a hypothetical question varies from the proof, the complaining counsel should specifically point out in what respect the question does so vary.

4. HYPOTHETICAL QUESTION—*when objection to, insufficient.* An objection that a hypothetical question calls for an answer which would invade the province of the jury comes too late when first made on appeal.

5. HYPOTHETICAL QUESTION—*when properly framed.* A hypothetical question conforms to well-established principles where it calls for the opinion of the expert as to what was the cause of the injury referred to. The "what was" rule as distinguished from the "what might have been" doctrine now prevails in this state.

Action in case for personal injuries. Appeal from the Circuit Court of Cook county; the Hon. LINUS C. RUTH, Judge, presiding. Heard in this court at the March term, 1906. Affirmed. Opinion filed February 18, 1907.

JOHN A. ROSE and ALBERT M. CROSS, for appellants; W. W. GURLEY, of counsel.

RICHOLSON & LEVY, for appellee; C. STUART BEATTIE, of counsel.

MR. JUSTICE HOLDOM delivered the opinion of the court.

This is an action on the case for personal injuries sustained by plaintiff, who brought this suit originally against the two first named appellants and afterwards, by agreement of the parties, amended his declaration to include all of the appellants, and thereupon filed an amended two-count declaration. To the declaration in the case each of the defendants filed separate pleas of not guilty, upon which issues the cause proceeded to trial before the court and jury, the latter of whom rendered a verdict finding all of the defendants guilty, assessing plaintiff's damages at the sum of $7,500. A motion for a new trial was made, and also a motion in arrest of judgment for each defendant separately, which were overruled by the court and a judgment entered upon the verdict, to all of which rulings and

actions of the court defendants each objected and preserved exceptions, and the record is before this court on due assignment of errors for review.

Plaintiff was a passenger at the time of the accident, which happened at about seven o'clock in the morning of September 4, 1902. He was on a cable train consisting of a grip-car and two trailers, seated in the first of the two trailers, which was an open car, on the third or fourth seat from the front. When the train, which was proceeding cityward, was about opposite No. 1118 Milwaukee avenue, the grip-car ran into a loose iron man-hole cover between the tracks on which the train was running, causing it to suddenly stop, resulting in throwing the plaintiff with much force from his seat out into the street, injuring him, he contends, severely and permanently; that he suffered loss of memory, hearing and eyesight, an incomplete fracture of the lower jaw, and injury to ankle joint, knee and instep, the latter resulting in plaintiff's being unable to walk without the use of crutches. The injuries interfering with the free use of his limbs are claimed to be incurable. Before the accident plaintiff, it is said, was a healthy man, fifty-three years old.

Appellants argue the following as errors for which they claim the judgment should be reversed and a new trial awarded: A variance between the averments of the declaration and the proof; the damages are excessive; erroneous rulings of the trial court in the admission and exclusion of evidence; refusal to give defendants' third, fourth, fifth and sixth instructions; wrongful admission of medical testimony on the part of plaintiff, and error in permitting medical experts to answer hypothetical questions which it is claimed invaded the province of the jury by their assumption of fact.

In view of the following admission in appellants' brief (p. 5), we regard it as unnecessary to advert further to the declaration or to discuss the variance between it and the proof, namely: "It is not neces-

sary, however, to review the evidence at length with reference to the second count, as the first amended count charged negligence generally, and under this count the plaintiff made a *prima facie* case by showing that while a passenger the train stopped with a sudden jolt and threw him to the street, injuring him. As to the first count, it may be that it was for the jury to say whether the showing made by defendants was such as to repel the *prima facie* presumption of negligence, and to show that defendants were not negligent, or that defendants, in the exercise of the degree of care required of a carrier, could not have discovered whatever occasioned this accident in time to have prevented it."

We quite agree with this admission of appellants that plaintiff established a *prima facie* case of negligence against defendants. In this condition the law cast the burden upon defendants to rebut this *prima facie* case by proving such facts which in themselves exculpated or excused them from the negligence thus imputable to them, or, in other words, to prove they were not negligent in the operation of either their cars or in the maintenance of the roadway over which the cars passed from a defect in which the accident occurred. We fully agree with the jury that the evidence, when fairly considered, interpreted and applied, falls far short of overweighing the negligence imputable to defendants. The cause of this accident was the loose condition of the man-hole cover. Whatever the defect may have been is attributable to defendants' negligence in not maintaining it in a sufficiently safe condition as to prevent its being a menace and danger in the operation of cars passing over it. The rule governing defendants as to its equipment is to furnish and maintain "the most approved that human skill and foresight can provide." A loose man-hole between tracks over which passenger cars are operated falls far short of meeting this essential requirement of the law. Traction Co. v. Wilson, 217 Ill. 47.

There is evidence in this record satisfactorily supporting the claims of plaintiff as to the seriousness of the injuries he suffered as a result of this accident, and the measurement of his damages was in this condition of the evidence for the jury to assess, and unless we can fairly say from the evidence that the assessment of damages was the result of passion or prejudice we must not interfere with this duty imposed upon the jury, not the court, by the law. Neither from the evidence or the manner of the conduct of the trial are we able to discern anything which we can see improperly influenced the jury or excited their passions or prejudices, if any they had. City of Joliet v. Johnson, 71 Ill. App. 423; Traction Co. v. May, 221 Ill. 510.

Consequently if the record is otherwise free from error in the particulars not yet discussed, the judgment on the verdict of the jury is conclusive. The objections to instructions 3, 4, 5 and 6 are without force. Instructions 3 and 4, referring to the man-hole, were superfluous in view of instruction 16 given which embodied every essential contained in instructions 3 and 4. The manner of the construction of the man-hole and cover were eliminated by instruction 16 from the case. That is all that was sought by instructions 3 and 4, refused. Instructions 5 and 6 were without support in the evidence, and had no application whatever to the proof. As well might the court have instructed the jury not to include pew rent or the grocery or meat bills of plaintiff, as to instruct them not to include anything for doctor's bills, medicine, or attorney's fees, for there is no testimony in the record on either subject. The question is not what the jury might know on these or any other subjects not in the record. It is not only presumed that they will confine their deliberations within and arrive at their verdict from the evidence heard and admitted by the court on the trial, but they were in form so instructed by the court.

We have carefully examined the record of the testimony on which defendants claim the trial court's rul-

ings were erroneous, and are unable to see the force of the objections made. Even heading the contentions as well taken and the criticism indulged not without some foundation, yet the objections are made to unimportant proof, when measured with the whole evidence, which sustained every material averment requisite to a recovery and every fact necessary in demonstration of plaintiff's injuries suffered as a consequence of the negligence of the defendants charged in the declaration.

The following citation from W. C. St. Ry. v. Maday, 188 Ill. 308, is appropriate and conclusive here as to these objections: "When the court can see from the record that an error committed by the trial court in the progress of the case was a harmless one, or that its injurious effect or harmful character was obviated so as not to affect injuriously in the final judgment the rights of the party against whom the error was committed, it should not be allowed to work a reversal. It is more important to the administration of justice that litigation should end in the attainment of substantial justice, than that a record of the proceedings should be built up which is without flaw or blemish."

The final challenge remaining to be considered relates to the rulings of the trial court in the admission of medical testimony, and to the hypothetical questions propounded to and answered by the medical experts.

On examination of the hypothetical questions put to Dr. Price, we think they fairly state all the material facts claimed by plaintiff as to his physical condition, combined with the incidents attending the happening of the accident, so far as they were relevant in accounting for the claimed physical infirmaties of plaintiff, and presented the view, theory and contention of plaintiff. This seems to be without infirmity. However, were the converse of this proposition feasible the objection to the hypothetical ques-

tion was insufficient. The objection made was "that it varies from the evidence in several material respects. I do not think it is justified by the evidence." It was the duty of counsel to point out specifically in what respect the question varied from the proof, for if this had been done and any essential or material element left out of the question, the suggestion might have been availed of by embodying the omitted matter into the question and thereby curing the claimed defect. Not having done so, the objection is without force on appeal.

As said in Traction Co. v. Wilson, 217 Ill. 47: "They could have avoided the error, but declined, in order that, in the event of an unfavorable verdict they might obtain a reversal on purely technical grounds. We will not entertain the objection."

It is not necessary to embody all the facts in a hypothetical question. The theory of the proponent fairly supported by the proofs fulfills legal requirement.

Again, it is objected that Dr. Price invaded the province of the jury by giving his opinion based on the testimony of Dr. Golden and of the plaintiff, which he heard given from the witness stand, from which he traced the condition of plaintiff to the injury. It would be a complete answer to this objection to say that the record shows a general and not a specific objection. No objection was made upon the ground, now interposed for the first time, that the question called for an · answer which would invade the province of the jury to determine the facts from the evidence and not the opinion of the witness. We will, however, for the purpose of elucidating the objection now made, waive the irregularity. As we said in City of Chicago v. Didier, *ante*, p. 406: "None of the questions answered * * * in any way invade the province of the jury as to the finding of facts; they merely assume the recited testimony to be true, and the answers are based upon the assumption of their verity. The jury still remain

the judges of the facts involved and assumed as true solely for the purpose of forming a premise upon which answers may be predicated. Should the jury disagree with the assumption, and find the facts contrary to it—which is their province and duty—then the testimony of the witnesses becomes of no avail, and in such circumstances the jury must disregard it entirely, and would treat it as valueless as an aid in finding a verdict.''

Dr. Golden was the attending physician, and the objection to the hypothetical question put to him is urged to consist in asking this doctor what did in fact cause the injury, instead of what might or was likely to cause it. We have, in City of Chicago v. Didier, *supra,* demonstrated the fallacy of this contention by an ample and somewhat exhaustive citation of authority, to which we will content ourselves by reference without here again covering the whole question in the thorough manner we did in that case.

The course pursued in the case at bar comports with the theory and doctrine announced by this court in People's Gas Light & Coke Co. v. Porter, 102 Ill. App. 461: ''Physicians are called in such cases as the present for the purpose of enlightening the jury as to whether the physical conditions claimed to have resulted from the injury did or not result from it, and when they express no opinion on that question they furnish no basis for the assessment of damages. The proper mode of examination is to state hypothetically the facts which the evidence tends to prove, and call for the physician's opinion on the facts stated, as to what caused the conditions described in the hypothetical question, not what might have caused them. * * * It is the opinion of the physician on the question at issue between the parties which is material, * * * his opinion on what was, not what might have been.''

We quote again from City of Chicago v. Didier, *supra,* to distinguish I. C. R. R. v. Smith, 208 Ill. 608,

from the case at bar. There, as here, counsel contended that the Smith case was an authority upholding the "what might have been" doctrine and condemning the "what was" theory. We said: "This case is readily distinguishable from I. C. R. R. v. Smith, 208 Ill. 608. Here the facts were assumed in the hypothetical question, while in the Smith case the doctors were asked to determine whether an even or an uneven surface caused the injury to the foot. This was a clear invasion of the function of the jury. It would have been permissible for counsel to have embodied any assumption of evenness or unevenness of the surface in a hypothetical question to the doctors, if there was evidence on that subject. The Smith case, we think, fairly presents the distinction, but does not at all impeach the rule here laid down. It certainly is not the duty of an expert to reconcile conflicting evidence, but to give his opinion on facts assumed as such in the hypothetical question. It is permissible to assume facts in a hypothetical question about which testimony has been heard. The ultimate fact is for the jury to find, and the assumption of truth in the hypothetical question in no way impugns this right nor trenches upon their prerogative as judges of the facts. The truth of the evidence must be assumed by the hypothetical question, and on such assumption of truth the witness must answer, leaving the ultimate fact as to whether or not the evidence in the hypothetical question is true for the determination of the jury."

In criticism of the rule contended for by defendants and announced by some courts, Wigmore, in discussing the "opinion rule" in a foot-note to section 1976, in his work on evidence, observes: "What did cause it was the real question for the jury, in other words, the more useful the less admissible." The more useful theory is the doctrine in Illinois.

There is no reversible error in this record, and the judgment of the Circuit Court is affirmed.

*Affirmed.*