## Anton Hirsch, Appellee, v. Chicago Consolidated Traction Company et al., Appellants.

## Gen. No. 14,172.

1. VERDICT—*when not disturbed as to findings of fact and as to amount of damages.* The determination of the jury upon the question of negligence and upon the amount of the damages to be awarded will not be lightly disturbed on review, and never unless the court must say from a consideration of all the evidence that the finding of the jury is palpably the offspring of passion and prejudice or manifestly contrary to the preponderating force of the evidence.

2. VERDICT—*effect of large remittitur.* The entry of a large *remittitur* does not necessarily create a presumption of prejudice or passion entering into the verdict of the jury.

3. VERDICT—*when not disturbed for excessiveness.* A judgment rendered in an action for personal injuries will not in any event be reversed because of the excessiveness of the verdict unless it is apparent that the whole of the evidence of the plaintiff considered standing alone without reference to the countervailing proofs of the defendant, is insufficient to support the judgment for the amount for which it was ultimately entered.

4. EVIDENCE—*when testimony of expert does not include subjective symptoms.* *Held*, that the testimony of an expert with respect to a test made by reflexing the knees of the plaintiff, did not refer to subjective symptoms, and was therefore competent.

5.  EVIDENCE—*who may give opinion as to permanency of injury.* A medical expert who has duly qualified and given the basis of his opinion is competent to testify as to whether or not in his opinion the injury in question is permanent.

6.  APPEALS AND ERRORS—*when statutory damages not assessed upon affirmance.* No statutory damages will be awarded on affirmance upon the ground that the appeal was ve·.ntious and solely for delay, if there was in the case a question which the appellant was reasonably entitled to test.

Action in case for personal injuries. Appeal from the Superior· Court of Cook county; the Hon. ALBERT C. BARNES, Judge, presiding: Heard in this court at the October term, 1907. Affirmed. Opinion filed February 4, 1909.

JOHN A. ROSE, FRANK KRIETE and ALBERT M. CROSS, for appellants; W. W. GURLEY, of counsel.

QUIN O'BRIEN, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

Plaintiff sued the defendants in an action on the case for personal injuries, laying the *ad damnum* at $20,000. On the trial before the Superior Court and a jury a verdict was rendered assessing plaintiff's damages at $10,000. On the argument of a motion for a new trial plaintiff remitted $3,500 from the amount of the verdict, whereupon the court overruled the defendant's motion for a new trial and entered judgment on the verdict, minus the *remittitur,* for $6,500, from which judgment (after the usual formal objections had been made and exceptions taken to the several actions of the court culminating in the judgment) defendants prosecute this appeal, seeking a review of the record and asking a reversal of the judgment.

The declaration rests in two counts, to which defendants pleaded not guilty. It appears that plaintiff, a teamster, at about one o'clock in the afternoon of December 30, 1905, in pursuing his avocation was driving a team of horses, hitched to a four-wheel wagon laden with brick, in the northbound track of defend-

ant's road, in a northerly direction, and that a car of defendants proceeding north on the same track south of plaintiff's wagon and team, ran with such force into the rear of the wagon as to upset the same, and throw plaintiff from his seat into the roadway, literally covering him with "a thousand of brick" or more; that from that act plaintiff was greatly and permanently injured. Among such claimed injuries was one to his right leg, fracturing the patella or knee-cap, a flesh wound below the knee reaching to the bone, causing an indentation of the tibia, with such resulting suppuration that the condition was followed by swelling and inflammation, the effect of which culminated in chronic synovitis and permanent lameness; also that the sciatic nerve was injured, since which he has suffered from a disease called "sciatica;" that he also suffered a fracture of the "superior maxillary bone," on the right side of his head, and that his face was lacerated, his sixth and seventh ribs on one side fractured, one of his lungs so injured that pneumonia was contracted, etc.

The first count charges negligent management of the street railway line and car causing the impact which resulted in plaintiff's injuries, and the second count charges that the injuries of plaintiff were occasioned from the careless operation of the car, in not controlling and checking its speed, and in not giving warning of its onward course by ringing a bell, or in any other way.

Two questions only are argued as reasons for a reversal of the judgment. They are first, that the damages are excessive; and, second, that the court erred in its rulings upon the evidence. To the decision of the questions so raised we shall confine our opinion.

First. It is conceded by defendants that the cause was one calling for a submission to the jury under the evidence in the record. This imposed dual duties upon the jury, first to determine from the weight of the evidence whether defendants were guilty of the

negligence charged—about which there is no serious challenge—and, second, after determining the guilt of defendants, to assess the damages which plaintiff ought to receive as compensation for the injuries which they conclude from the evidence plaintiff suffered as a consequence of such negligence. Such determinations of the jury will not lightly be disturbed on review, and never unless the court must say from a consideration of all the evidence that the finding of the jury is palpably the offspring of passion or prejudice, or manifestly contrary to the preponderating force of the evidence. We are unable to say, after a careful review of all the evidence, that either of these conditions entered into the result reached by the jury. Nor are we at liberty to say, from the fact that plaintiff remitted so large a portion of the verdict, that the presumption of prejudice or passion arises. In such a condition, we must direct our attention to the evidence in the record. In no event can we reverse on this ground unless it is apparent that the whole of the evidence of plaintiff considered, standing alone, without reference to the countervailing proofs of defendants, is sufficient to support the judgment for the amount for which it was ultimately entered. The evidence supports the contention that the injuries of plaintiff, flowing from the accident, were serious, painful and permanent, and of such a serious character as to warrant the recovery of a very substantial amount of money as compensation. The case at bar is quite similar in its controlling features to that of Cicero & Proviso St. Ry. Co. v. Brown, 89 Ill. App. 318, which was affirmed in 193 Ill. 274. This was also a suit for personal injuries. The verdict of the jury was $6,000 and a judgment rendered thereon, after a *remittitur* of one-half, for $3,000. This court, reviewing the record, said: ''The claim of appellant that the verdict was so excessive as to show passion or prejudice on the part of the jury, and that it is not cured by the *remittitur,* is not, in our opinion, tenable,

under the facts shown in this record. We think there is sufficient evidence in the record of actual damage by reason of her injuries to justify the amount of the judgment as finally rendered by the court after the remittitur. There was considerable evidence on behalf of defendant as to the nature and extent of appellee's injuries, and which, to a considerable degree, conflicts with what was offered in behalf of appellee, but when the whole is considered, we think the amount of the judgment is amply warranted by the evidence." These observations are equally pertinent and applicable to the cause before us, and for like reasons is our judgment controlled.

Second. The rulings of the trial judge which defendants insist were erroneous, relate to the testimony of Dr. O'Neill, who was not the attending physician of plaintiff, but who examined him and his injuries for the purpose of testifying as an expert. They relate to statements made by Dr. O'Neill as to symptoms and conditions developed on a physical examination of plaintiff, which are claimed to be of a subjective and not objective character. The results obtained by the process of reflexing the knees and feet of plaintiff by Dr. O'Neill, it is insisted were improperly admitted as evidence. This objection is based upon the contention that the results obtained are largely within the control of the patient, and consequently are in their nature and essence subjective and inadmissible as evidence. Reflexing the knees and feet of a patient are common methods resorted to by medical practitioners in an effort to ascertain the state of the nerves or the health of a patient. Certain actions result from reflexing the leg of a healthy person, and a different action is obtained from flexing the leg of a patient in a nervous or diseased condition. A dishonest person, it is claimed, might simulate the condition of ill health, and therefore such symptoms being under the physical control, to some degree at least, of the patient, must be regarded as

wholly subjective. No words or statement of plaintiff to Dr. O'Neill were allowed to be given in evidence. The matters testified to by Dr. O'Neill were nominally objective symptoms. All evidence given by him which in the slightest degree could be adjudged of a subjective character, were eliminated from the record, and we think the testimony of Dr. O'Neill remaining in the record is not subject to the criticism made by defendants. As said by this court in Chicago City Ry. Co. v. Greinke, 136 Ill. App. 77: "These tests"—reflexing—"were known to medical science and resorted to by reputable medical practitioners in the endeavor to ascertain if the patient was suffering from physical and mental difficulties, which it was claimed afflicted plaintiff. The apparent responsive action of the plaintiff, which the physician claimed indicated that she was suffering from hemiplegia, were some of them of subjective character and within physical control of plaintiff and within her power to simulate. But we do not regard the latter fact as stamping such evidence as a communication of subjective symptoms by the plaintiff to physicians, and therefore hearsay testimony and improper. The *bona fides* of plaintiff's conduct was impugned by the defendant and attempted to be sustained by their medical expert witnesses. * * * The jerks, twitchings and nervousness were obvious and made manifest by tests. * * * The power that moves a steam engine is concealed when inactive, but the action resulting from the concealed power is made manifest when the machinery is started. The subjective force is put into the action of which it is capable, and its workings effect these and become objective."

The testimony of Dr. O'Neill objected to and quoted in defendant's brief, under the ruling in the Greinke case was clearly competent. The further objection to the opinion of Dr. O'Neill as to the permanency or not of conditions shown by his evidence is without force. He was put upon the witness stand as an expert, and it was proper and in conformity to precedent

that he should, from the conditions found upon his physical examination of plaintiff and recited in his testimony, give his opinion as to their permanency. A careful examination of all the testimony excluded on the several motions of defendants, does not impress us, from the fact that the jury heard it, that any substantial right of defendants was affected to their detriment. In the condition in which we find the record we are convinced that the jury gave no heed to such testimony.

Plaintiff asks for the assessment of statutory damages, on the theory that this appeal is vexatiously prosecuted, simply and solely for delay. We think defendants justified in asking this court to review the record of the trial court. So large a remittitur might raise in the minds of counsel a suspicion that their opponents, by so doing, had evidenced some doubts of their right to maintain the judgment secured. They are certainly justified in testing their suspicion, not at all illogical, by seeking our review. The request for the assessment of damages is denied, but the record being without reversible error, the judgment of the Superior Court is affirmed.

*Affirmed.*