# Adam Lauth, Appellee, v. Chicago Union Traction Company, Appellant.

## Gen. No. 14,203.

1. VERDICT—*when not disturbed for excessiveness.* The assessment of damages is primarily the burden and duty of the jury and unless a court of review can say from all the evidence in the record that the assessment of damages is so clearly in excess of the injuries proven as resulting from the negligence charged, the judgment entered thereon will not be disturbed.

2. VERDICT—*when remittitur will cure excessive verdict.* Where a verdict is apparently excessive, still if a *remittitur* of a sufficient amount be made, satisfying the mind of the trial judge, and seemingly to the reviewing court a complete curative of the excessive finding, a judgment on the excessive verdict, less the sum remitted, will not be disturbed.

3. VERDICT—*presumption arising from large remittitur.* While it is undoubtedly true that a *remittitur* of a large sum from a verdict may tend to raise a suspicion that passion or prejudice was present in the minds of the jury and controlled their finding, yet such suspicion is not conclusive that the element of prejudice or passion did in fact exist in the minds of the jury or influenced them in making their award of damages.

4. VERDICT—*when not excessive. Held,* that a verdict of $12,500, reduced from $20,000 by *remittitur* of $7,500, rendered in an action on the case for personal injuries. is not excessive where it appeared that the injuries of the plaintiff consisted in part of a tearing of the external lateral ligament of the knee which resulted in synovitis of the knee joint and a stiffness and limitation of motion in that joint; the developing within eight days of the accident of an inguinal hernia in both groins which twice became strangulated with danger of recurring strangulation.

5. EVIDENCE—*when, as to extent of injury, not mere speculation. Held,* that where a hernia has been shown with a resulting strangulation upon several occasions, it is not incompetent as mere speculation to introduce evidence tending to show the likelihood of future strangulation.

6. INSTRUCTIONS—*when modification of, as to credibility of plaintiff, not improper. Held,* that it was not error for the trial judge to insert in an instruction upon the subject of the credit to be given to the testimony of the plaintiff, the following language: "The jury have no right to discredit his testimony from caprice or merely because he is the plaintiff."

Lauth v. Chicago Union Traction Co., 146 App. 584.

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the Hon. ALBERT C. BARNES, Judge, presiding. Heard in this court at the October term, 1907. Affirmed. Opinion filed February 15, 1909.

JOHN A. ROSE, ALBERT M. CROSS and FRANK L. KRIETE, for appellant; W. W. GURLEY, of counsel.

JOHN F. WATERS, for appellee; JOEL BAKER, of counsel.

MR. JUSTICE HOLDOM delivered the opinion of the court.

This cause has been twice determined in favor of plaintiff for personal injuries resulting to him through the negligence of defendant in the operation of its car, which came into collision with a buggy in which plaintiff was, at the time, riding. The first verdict was for $15,000, on which a judgment followed. The Branch Appellate Court affirmed this judgment upon a *remittitur* of $5,000. Defendant took the cause for further review to the Supreme Court of this State, and there the judgment was reversed *in toto* for the intemperate and prejudicial remarks indulged in by plaintiff's counsel in his closing address to the jury. *Vide* 216 Ill. 176. Another trial before the court and jury resulted in a verdict for plaintiff and an award of damages in the sum of $20,000. Upon a *remittitur* of $7,500 from the amount of this verdict a judgment was recorded for $12,500, in an attempt to reverse which this appeal is prosecuted by defendant.

In the face of these two verdicts, defendant does not seriously contest its guilt of the negligence charged in the declaration. Neither does it challenge the validity of the pleadings. But appellant makes this statement in its brief, viz.: "There is a rule of law that where the evidence is close and the merits are in doubt, and where there is an irreconcilable conflict of evidence, the rulings on instructions and evidence must be strictly accurate. The Appellate Court will closely scrutinize such rulings and will reverse the

judgment for any inaccuracy which may have operated to the prejudice of the losing party." We are not inclined to disagree with the accuracy of this statement.

Defendant urges in argument: First, that the damages awarded by the verdict are so excessive as not to be cured by the *remittitur*. Second, that the prognostication that strangulated hernia is liable to follow from plaintiff's ruptures, is speculative, and the evidence concerning it in the record erroneously admitted. Third, that the modification of defendant's seventh instruction was reversible error.

First. The assessment of damages is primarily the burden and duty of the jury, and unless the court of review can say from all the evidence in the record, that the assessment of damages is so clearly in excess of the injuries proven as resulting from the negligence charged, the judgment rendered thereon will not be disturbed. And where a verdict is apparently excessive, still if a *remittitur* of a sufficient amount be made, satisfying the mind of the trial judge, and seemingly to the reviewing court a complete curative of the excessive finding, a judgment on the excessive verdict, less the sum remitted, will not be disturbed. While it is undoubtedly true that the *remittitur* of so large a sum as $7,500 from the verdict may tend to raise a suspicion that passion or prejudice were present in the minds of the jury and controlled their finding, yet such suspicion is not conclusive that the element of prejudice or passion did in fact exist in the minds of the jury or influenced them in making their award of damages. Judgments rendered on *remittiturs* of $6,000 from a verdict of $21,000, and a like sum from a verdict of $9,000, were sustained in C. & E. I. R. R. v. Cleminger, 77 Ill. App. 186, and Cicero & Proviso St. Ry. v. Brown, 89 *ibid*. 318. In the Cleminger case *supra* the court say: "Where no error appears in the proceedings of the trial, where the evidence supports the verdict for the larger part

of the amount awarded, and it cannot be said that the amount of the verdict in itself indicates any improper motive on the part of the jury, it would seem a hardship to remand the appellee to the delay and expense of another trial." And as said by the court in the Brown case, *supra,* so we say here: "The claim of appellant that the verdict was so excessive as to show passion and prejudice on the part of the jury, and that it is not cured by the *remittitur,* is not, in our opinion, tenable under the facts shown in the record."

What was said in the opinion in Hirsch v. Traction Company, 146 Ill. App. 501, has equal force and application to the case at bar: "In no event can we reverse on this ground unless it is apparent the whole of the evidence of plaintiff considered standing alone, without reference to the countervailing proofs of defendants, is sufficient to support the judgment for the amount for which it was ultimately entered. Nor are we at liberty to say, from the fact that plaintiff remitted so large a portion of the verdict, that the presumption of prejudice or passion arises."

The proofs of plaintiff establish the fact that he suffered severe and painful and permanent physical injuries as the result of the negligence charged, of which two juries have found the defendant to be guilty. These injuries consisted in part of a tearing of the external lateral ligament of the knee, which resulted in synovitis of the knee joint and a stiffness and limitation of motion in that joint; the developing within eight days of the accident of an inguinal hernia in both groins, which twice became strangulated, with danger of recurring strangulation. The conditions of strangulated hernia are alarming and at times result in death, and are liable to terminate fatally at any recurrence unless promptly relieved. For the hernia plaintiff continually wears a truss. Plaintiff is nervous and his mind affected as a result of his injuries, the mental disturbance being designated by the medical term "cerebrasthenia." We are not permitted,

even were we so inclined, to interpose our opinion in opposition to that of the jury and the trial judge, and decide to be excessive the damages finally adjudged for such serious physical conditions as resulted from the injuries inflicted through defendant's negligent act.

Second. The admission of medical testimony that strangulated hernia was liable to occur from the double rupture suffered by the plaintiff as the result of the injuries brought about through defendant's negligence is erroneous, defendant argues. This case, however, differs radically from those cited by counsel in support of its contention. Were this case akin to those so cited, the point would be well made. In the cases cited there had been no symptoms of strangulation, so that the supposition that such a condition might occur in the future, was mere conjecture and speculation. But in the case at bar we have proof of several conditions of strangulation and the prognostication was as to whether a recurrence was reasonably to be expected, and what consequences might follow such recurrence. A condition of recurrence of the difficulties which actually happened were proper subjects of inquiry, and when established by proof satisfactory to the jury, was proper to be taken into consideration by them in measuring plaintiff's damages. A careful reading of the evidence on this branch of the case satisfies us that it established as a fact that the condition of strangulation is reasonably to be expected in the future. In Chicago v. Gillett, 108 Ill. App. 455, it was held that the danger of a hernia becoming strangulated was an element proper for the consideration of the jury in assessing damages. Chicago City Ry. v. Willard, opinion filed March 5, 1907, not reported; P. F. W. & C. R. R. v. Moore, 110 Ill. App. 304. In the latter case the court say: "The opinions of physicians and surgeons may be admitted to show the probable future consequences of the injury, when the consequences anticipated are such as,

in the ordinary course of events, may reasonably be expected to happen and are not merely speculative or possible. It is permissble for the surgeons to prove the probable effects of an injury."

It is again objected that the form of hypothetical question asked some of the medical witnesses is improper. But we cannot concede this claim. What the court said in Traction Co. v. Roberts, 229 Ill. 484, is decisive of the objection against defendant. It said this: "It is entirely immaterial whether the witness testified that the injury was the cause of the condition, or that the injury was sufficient to cause the condition or might have caused it. In any event the testimony was merely the opinion of the witness, given, as such, upon a state of facts assumed to be true. It still remained for the jury to determine the facts, and the opinion was nevertheless an opinion only, whether it states what did cause the condition or what might cause it. The question may be asked in either form." Traction Co. v. Roberts, 131 Ill. App. 476.

Third. The fault attempted to be pointed out in instruction seven does not appear to be inherent in it. The instruction was good as tendered, and after change by the trial judge by inserting the words "the jury have no right to discredit his testimony from caprice or merely because he is the plaintiff," was equally vulnerable to legal objection. It might have been given in either form.

In conclusion we are satisfied that there has been a fair and impartial trial of this cause, conformable to well-established methods of legal procedure obtaining in like cases. We appreciate the suspicions of defendant's counsel engendered from the fact that Lauth was and had been for many years previous to the time he met the accident in question a promoter in the prosecution of suits for personal injuries in the courts of Cook county; that he both sought the cases and aided in choosing lawyers to prosecute them, and actively participated in preparing such cases for trial, more par-

ticularly in interviewing witnesses whose testimony was favorable to the several causes which he espoused. Still, we are unable to find anything in this record to justify a suspicion that Lauth has not proven a meritorious cause of action against defendant, or that he was not badly, painfully and permanently injured in the accident which happened to him as the result of the negligence charged and proven against defendant. Two juries have with unanimity so determined, and with the judgment appealed from entered on the last verdict, less the *remittitur,* we find no legal cause to interefere.

The judgment of the Superior Court is affirmed.

*Affirmed.*